UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE 1; JOHN DOE 2, JOHN
DOE 3, JOHN DOE 5; JOHN DOE 6;
and next friends of minors JOHN             NO. 2:13-cv-14356
DOE 4 and JOHN DOE 7, on behalf of
themselves and a class of others            HON. ROBERT H. CLELAND
similarly situated,
                                            MAG. R. STEVEN WHALEN
          Plaintiffs,

v

MICHIGAN DEPARTMENT OF
CORRECTIONS (MDOC), *et al.*,

          Defendants.

---

| | |
|---|---|
| Deborah LaBelle (P31595) | A. Peter Govorchin (P31161) |
| Anlyn Addis (P76568) | James T. Farrell (P35400) |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 221 N. Main St., Ste. 300 | Michigan Department of Attorney General |
| Ann Arbor, MI 48106 | Corrections Division |
| (734) 996-5620 | P.O. Box 30217 |
| deblabelle@aol.com | Lansing, MI 48909 |
| aaddis@sbcglobal.net | (517) 335-7021 |
| | govorchinp@michigan.gov |
| | farrellj@michigan.gov |
| | |
| Michael L. Pitt (P24429) | Jennifer B. Salvatore (P66640) |
| Peggy Goldberg Pitt (P31407) | Nakisha Chaney (P65066) |
| Cary S. McGehee (P42318) | Edward Macey (P72939) |
| Pitt McGehee Palmer Rivers & Golden, PC | Nacht Roumel Salvatore |
| Attorneys for Plaintiffs | Blanchard & Walker, PC |
| 117 W. Fourth St., Ste. 200 | Attorneys for Plaintiffs |
| Royal Oak, MI 48067 | 101 N. Main St., Ste. 555 |
| (248) 398-9800 | Ann Arbor, MI 48104 |
| mpitt@pittlawpc.com | (734) 663-7550 |
| ppitt@pittlawpc.com | jsalvatore@nachtlaw.com |
| cmcgehee@pittlawpc.com | nchaney@nachtlaw.com |
| | emacey@nachtlaw.com |

---
/

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT, <u>AFFIRMATIVE DEFENSES, AND JURY DEMAND</u>

Pursuant to Fed. R. Civ. P. 8(b), the Defendants, by Bill Schuette, Attorney General for the State of Michigan, A. Peter Govorchin, and James T. Farrell, Assistant Attorneys General, answer Plaintiffs' Complaint as follows:

## INTRODUCTORY STATEMENT

1.     Denied, as any person remanded to the Michigan Department of Corrections custody has been convicted of one or more serious felony crimes and has been determined to be appropriate to be tried as an adult to take responsibility for those serious felonies they have been convicted of committing.

2.     Denied. Further, from before August 20, 2013, all prisoners in MDOC custody who are under the age of 18 years, regardless of the seriousness of their crimes, have been housed at the Thumb Correctional Facility in Franklin B unit, separately from prisoners 18 and older whom are housed in other housing units. For short periods of a few days, prisoners that the criminal courts have remanded to MDOC custody following their felony convictions as adults, and who are under the age of 18, are kept at the Charles Egeler Correctional Facility,

2

Reception and Guidance Center (RGC), for expedited intake processing and medical and psychological assessment before they are transferred to the Franklin B housing unit at the Thumb Correctional Facility, to complete their intake processing.  During these under 18 year old prisoners' stay at RGC, they are kept in physically separated housing. Whenever they are required to move about the facility for medical, psychological or programming assessments, they accompanied by an officer.

3.    Denied, to the MDOC's knowledge, a prisoner's vulnerability to another prisoner is more a function of the prisoner's attitude and deportment and behavior, than it is strictly of age.

4.    Denied.

5.    Denied.  Prisoners under the age of 18 are not housed with adult prisoners.

6.    Denied.  The standards developed under PREA did not go into effect until August 20, 2013.While sight and sound separation are recommendations under PREA such separation is not required in order to prevent physical contact between prisoners of different age groups.

7.    Denied. Defendants have collected approximately 180 affidavits from prisoners currently in custody, including substantially

3

all of the under age 18 prisoners in custody, and have learned from those prisoners that they do not perceive themselves to be at imminent risk of physical or sexual assault. To the remaining allegations in this averment, they are denied as untrue.

## JURISDICTION AND VENUE

8.     Denied, because, *inter alia*, the claims made in Plaintiffs' Complaint are demonstrably unsupported.

9.     Neither admitted nor denied because Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations concerning unidentified parties and unattributed claims of injury.

10.     Neither admitted nor denied because Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations concerning unidentified parties and unattributed claims of injury.

## PARTIES

A.     Plaintiffs

11.     Denied.  Before the Plaintiffs sought to prohibit the Defendants from investigating the possible claims asserted in the

4

Complaint, about 180 prisoner witnesses were interviewed including substantially all of the 18 year old prisoners in MDOC custody, and they denied the allegations that there is systemic sexual abuse and mistreatment of them in the prison system. There is no class and no way of determining whether the unidentified persons could represent anyone or are even similar to each other.

B.    Defendants

12.    Denied. The Defendant is a State Department and cannot be sued in its individual capacity.

13.    Denied. Investigation has revealed the complaint allegations to be untrue as to the group of prisoners referred to as currently under age 18. As to the John Does, Defendant is unable to answer as their identities have been concealed and so their allegations cannot be reliably investigated.

14.    Denied that the youthful offenders are subject to a serious or extreme risk of sexual or physical assault.

15.    Denied as applied to any individual Plaintiff, whoever they may be.

16.    Denied as applied to any individual Plaintiff, whoever they may be.

5

17.     Denied as applied to any individual Plaintiff, whoever they may be.

18.     Denied as applied to any individual Plaintiff, whoever they may be.

19.     Deny that this phrase has any legal significance.

20.     Denied.

21.     Denied.

22.     Denied as applied to any individual Plaintiff, whoever they may be.

23.     Denied as applied to any individual Plaintiff, whoever they may be.

24.     Denied as applied to any individual Plaintiff, whoever they may be.

25.     Denied as applied to any individual Plaintiff, whoever they may be.

## CLASS ACTION ALLEGATIONS

26.     Denied, as Defendants' initial investigation of the general allegations have shown those allegations to be currently unsupported.

6

27.    Denied.  At best, the claims in this case purport to assert claims for relief for seven individuals and are unrelated in circumstance.  Such claims should be severed and asserted and responded to separately, as individual suits if Plaintiffs believe they have a viable cause of action.

28.    Denied.

29.    Paragraphs a-d are denied.  See preceding responses explaining how prisoners under age 18 are housed separately from adult prisoners and have been so housed since before August 20, 2013.

30.    Denied.

31.    Denied. The John Does presented in the complaint allegations are insufficient to show that the John Does are even a class of seven Plaintiffs, let alone represent a class including the approximately 180 prisoners described above who have provided their sworn affidavits.

32.    Denied.

33.    Denied.

## FACTS

34.    Denied. See preceding responses.  Also, all prisoners under 18 years of age who receive permanent housing assignments (meaning past initial intake at RGC and excluding temporary off-sites for medical or mental health care) are placed at the Thumb Correctional Facility in Lapeer, Michigan.  This placement is in housing physically separated from prisoners 18 years of age and older.

35.    Denied. See preceding responses.

36.    Denied. See preceding responses.

37.    Denied.  The statistics cited in this allegation are not applicable to the MDOC facilities and are not compiled in any statistically valid way to provide reliable projections of risk to any particular individual.

38.    Denied.  Prisoners under age 18 are housed separately from adult prisoners and eat separately from adult prisoners.

39.    Denied.

40.    Denied. The Thumb Correctional Facility utilizes the behavior management unit located within Franklin B housing unit that, for the most part, subjects misbehaving prisoners to the loss of access to

8

their electronics such as MP3 players and TVs for modest periods of time and encourages participation in group counseling sessions.

41.   Denied.

42.   Denied. See preceding responses.

43.   Denied. See preceding responses.

44.   Denied.  According to the sworn affidavits of approximately 180 prisoners, including substantially all of the currently under age 18 population, this averment is not true.

45.   Denied.

46.   Paragraphs a-c are denied as untrue.

47.   Deny that the MDOC's practices have knowingly, to Defendants, created any actual or substantially certain risk of harm to prisoners under age 18.

48.   Denied. Prisoners file many thousands of grievances each year. Grievance forms are freely available to prisoners.  Even prisoners under age 18 file grievances.

49.   Denied.  Prisoners may not grieve a policy generally but may grieve their own treatment or experience under a policy.  Thus, any of the assertions in the Plaintiffs' complaint can and must be grieved as

9

applied to the individual prisoner to allow for the administrative resolution of grievances to occur.

50.   Denied.

51.   Denied.

52.   Denied.

53.   Denied.

54.   Denied.

## STATEMENT OF FACTS RELATIVE TO EACH UN-NAMED PLAINTIFF AND PROPOSED CLASS REPRESENTATIVE

A.   John Doe 1

55.   Denied, as Defendants cannot determine who this person may be with any degree of certainty.

56.   Same as response to 54.

57.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

58.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought

10

to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

59.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

60.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

61.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

62.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

63.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought

11

to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

64.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

65.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

66.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

B.   John Doe 2

67.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

12

68.     Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

69.     Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

70.     Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

71.     Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

72.     Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

13

73.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

74.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

75.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

76.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

77.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

78.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

79.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

80.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

81.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

82.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

C.    John Doe 3

83.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

84.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

85.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

86.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

87.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought

to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

88.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

89.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

90.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

91.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

92.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought

17

to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

93.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

94.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

D.   John Doe 4

95.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

96.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

97.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

98.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

99.    Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

100.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

101.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

19

102.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

E.     John Doe 5

103.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

104.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

105.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

106.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought

to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

107.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

108.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

109.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

110.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

111.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought

21

to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

112.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

113.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

114.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

115.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

116.   Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought

to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

117.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

118.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

F.    John Doe 6

119.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

120.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

121.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

122.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

123.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

124.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

125.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

24

126.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

127.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

128.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

G.    John Doe 7

129.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

130.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought

to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

131.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

132.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

133.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

134.  Neither admitted nor denied because the identity of the prisoner has not been revealed, and the Plaintiffs have actively sought to impede the Defendants' investigation of the claims; the Plaintiffs are therefore left to their proofs.

## CLAIMS FOR RELIEF

### Count I

135.  The Defendants incorporate by reference their responses to

paragraphs 1-134.

136.  Denied.

137.  Denied.

138.  Denied.

139.  Denied.

140.  Denied.

141.  Denied.

142.  Denied.

143.  Denied.

### Count II

144.  Denied.

145.  Denied.

146.  Denied.

147.  Denied.

148.  Denied.

149.  Denied.

27

150.  Denied.

151.  Denied.

## Count III

152.  The Defendants incorporate by reference their responses to paragraphs 1-151.

153.  Denied.

154.  Denied.

155.  Denied.

156.  Denied.

157.  Denied.

158.  Denied.

## Count IV

159.  The Defendants incorporate by reference their responses to paragraphs 1-158.

160.  Neither admitted nor denied because Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations or whether there is a meeting of the minds of the parties as to the relevant time period.  Also, Defendants have not yet

been able to confirm if Defendants were working then or off on leave or otherwise reassigned.

161.   Neither admitted nor denied because Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations or whether there is a meeting of the minds of the parties as to the relevant time period.  Also, Defendants have not yet been able to confirm if Defendants were working then or off on leave or otherwise reassigned.

162.   Denied.

163.   Denied.

164.   Neither admitted nor denied because Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations as this asserts a characterization that may not be accurate.

165.   Neither admitted nor denied because Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

166.   Denied.

167.   Denied.

168.   Denied.

29

169.  Denied.

170.  Paragraphs a-h are denied.

171.  Paragraphs a-c are denied.

172.  Denied.

173.  Denied.

174.  Denied.

175.  Denied.

176.  Denied.

177.  Denied.

## Count IV

178.  The Defendants incorporate by reference their responses to paragraphs 1-177.

179.  Denied.

180.  Denied.

181.  Denied.

182.  Denied.

183.  Denied.

## DAMAGES

184.  The Defendants incorporate by reference their responses to paragraphs 1-183.

185.  Denied.

186.  Denied.

187.  Denied.

## RELIEF REQUESTED

Defendants respectfully request that all of Plaintiffs' claims for relief be denied and the case be dismissed.  Defendants also reserve their right to seek an award of counsel fees and costs due to the unsubstantiated nature of the claims presented, to the extent they can be understood as contained in this lawsuit.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), the Defendants assert the following affirmative defenses:

1.  Plaintiffs have failed to state a claim upon which relief can be granted with respect to one or more of the allegations contained in the Complaint, and, therefore, as to those matters, Defendants are

31

entitled to entry of an order of dismissal with prejudice in their favor as a matter of law.

2.      Defendants object to the non-joinder of necessary and permissive parties and claims so that this Court may grant complete relief pursuant to Fed. R. Civ. P. 18 and 19.  The Complaint, as presented, does not allow a proper determination of who may be necessary and/or permissive parties.

3.      Plaintiffs may have failed to mitigate their alleged damages.

4.      The Defendants are entitled to qualified immunity.

5.      The Michigan Department of Corrections is entitled to sovereign immunity under the Eleventh Amendment for any claim for monetary damages or for attorney fees related to any monetary damages recovered.

6.      Plaintiffs' alleged injuries may have been the result of pre-existing or subsequently occurring conditions and events that were neither caused nor aggravated by the alleged events referred to in Plaintiffs' Complaint.

7.      Plaintiffs may be equitably barred from recovery under the wrongful conduct rule.

8.      Plaintiffs' claims may be barred by the applicable statute of limitations and/or the doctrine of laches.

9.      Plaintiffs' claims may be barred by failure to exhaust available administrative remedies.

10.     Defendants rely upon all relevant provisions of the Prison Litigation Reform Act.

11.     The claim or portion of the claim is barred by infancy, incompetency, or other disability of the moving party, therefore warranting summary disposition pursuant to MCR 2.116(C)(7); if Plaintiff is a minor, suit must be by Court-appointed Conservator or Next Friend; if Plaintiff is incompetent, suit must be by Court-appointed Conservator.

12.     Absent allegations of intentional, invidious, class based discrimination by Defendants, Plaintiffs fail to establish a violation of equal protection. *Washington v Davis*, 436 US 229; 48 L. Ed. 2d 597 (1976).

13.     Plaintiffs' own comparative negligence was equal to or greater than that of Defendants, if any, and Plaintiffs' damages should therefore be eliminated or proportionately reduced by an amount commensurate with Plaintiffs' negligence or behavior.

33

14.     Defendants reserve the right to claim a set-off and/or reduction of any damages awarded herein due to payment of health-care bills, wage losses, and other out-of-pocket expenses, by any insurer or other third party.

15.     Defendants reserve the right to seek subrogation and contribution pursuant to MCL 691.1406(a).

16.     Plaintiffs' claims may be barred due to release, waiver or estoppel.

17.     Plaintiffs' claims may be barred on the grounds of res judicata and/or collateral estoppel.

18.     Plaintiffs' claims may be barred by governmental immunity or by immunity granted as a matter of law.

19.     Plaintiffs may lack standing as will be determined during discovery.

20.     Plaintiffs' claims may be barred by settlement, release, and the doctrine of accord and satisfaction.

21.     Plaintiffs' claims may be barred in whole or in part by immunity granted by law.

34

22.    Plaintiffs' claims are barred because the alleged Defendants' action was not the proximate cause of any injury Plaintiffs may have suffered.

23.    Plaintiffs' comparative negligence may be for some or all of their claim.

24.    To the extent that a Plaintiff can show a physical injury, Defendants contend that injury is due to the intervening, superseding, wrongful acts of non-parties.

25.    The Defendants reserve the right to recover from Plaintiffs any compensation achieved to reimburse the public for the cost of their incarceration under the State Prisoner Reimbursement Act.

26.    The Defendants reserve the right to raise any additional affirmative defenses that it may have following the identification of the parties to this suit.

27.    The Defendants reserve the right to raise any additional affirmative defenses that it may have following the completion of discovery.

## JURY DEMAND

Defendants demand trial by jury.

Respectfully submitted,

Bill Schuette
Attorney General

*/s/ A. Peter Govorchin*
A. Peter Govorchin (P31161)
James T. Farrell (P35400)
Assistant Attorneys General
Attorneys for Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021
govorchinp@michigan.gov
farrellj@michigan.gov

Dated: January 3, 2014

2013-0058441-A DOE\Defs Answer

36

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE 1; JOHN DOE 2, JOHN
DOE 3, JOHN DOE 5; JOHN DOE 6;
and next friends of minors JOHN           NO. 2:13-cv-14356
DOE 4 and JOHN DOE 7, on behalf of
themselves and a class of others          HON. ROBERT H. CLELAND
similarly situated,

                                          MAG. R. STEVEN WHALEN

         Plaintiffs,

v

MICHIGAN DEPARTMENT OF
CORRECTIONS (MDOC), et al.,

         Defendants.

_____

Deborah LaBelle (P31595)              A. Peter Govorchin (P31161)
Anlyn Addis (P76568)                  James T. Farrell (P35400)
Attorneys for Plaintiffs              Attorneys for Defendants
221 N. Main St., Ste. 300             Michigan Department of Attorney General
Ann Arbor, MI 48106                   Corrections Division
(734) 996-5620                        P.O. Box 30217
deblabelle@aol.com                    Lansing, MI 48909
aaddis@sbcglobal.net                  (517) 335-7021
                                      govorchinp@michigan.gov
                                      farrellj@michigan.gov


Michael L. Pitt (P24429)              Jennifer B. Salvatore (P66640)
Peggy Goldberg Pitt (P31407)          Nakisha Chaney (P65066)
Cary S. McGehee (P42318)              Edward Macey (P72939)
Pitt McGehee Palmer Rivers & Golden, PC   Nacht Roumel Salvatore
Attorneys for Plaintiffs              Blanchard & Walker, PC
117 W. Fourth St., Ste. 200           Attorneys for Plaintiffs
Royal Oak, MI 48067                   101 N. Main St., Ste. 555
(248) 398-9800                        Ann Arbor, MI 48104
mpitt@pittlawpc.com                   (734) 663-7550
ppitt@pittlawpc.com                   jsalvatore@nachtlaw.com
cmcgehee@pittlawpc.com                nchaney@nachtlaw.com
                                      emacey@nachtlaw.com

_____/

## <u>CERTIFICATE OF SERVICE (E-FILE)</u>

I hereby certify that on January 3, 2014, I electronically filed the

above document(s) with the Clerk of the Court using the ECF System,

which will provide electronic copies to counsel of record.


<u>/s/ A. Peter Govorchin</u>
Assistant Attorney General
Attorneys for Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021
govorchinp@michigan.gov
P31161