UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE 1; JOHN DOE 2, JOHN DOE 3, JOHN DOE 5; JOHN DOE 6; and next friends of minors JOHN DOE 4 and JOHN DOE 7, on behalf of themselves and a class of others similarly situated,

      Plaintiffs,

v

MICHIGAN DEPARTMENT OF CORRECTIONS (MDOC), RICK SNYDER, DANIEL H. HEYNS, THOMAS FINCO, DENNIS STRAUB, RANDY TREACHER, WILLIE SMITH, HEIDI WASHINGTON, MARY BERGHUIS, PAUL KLEE, JOHN PRELESNIK, CATHLEEN STODDARD, CINDI S. CURTIN, DAVID BERGH, JEFFREY WOODS, ROBERT NAPEL, and KENNETH MCKEE,

      Defendants.

NO. 2:13-cv-14356

HON. ROBERT H. CLELAND

MAG. R. STEVEN WHALEN

---

Michael L. Pitt (P24429)
Peggy Goldberg Pitt (P31407)
Cary S. McGehee (P42318)
Pitt McGehee Palmer Rivers & Golden, PC
Attorneys for Plaintiffs
117 W. Fourth St., Ste. 200
Royal Oak, MI 48067
(248) 398-9800
mpitt@pittlawpc.com
ppitt@pittlawpc.com
cmcgehee@pittlawpc.com

Deborah LaBelle (P31595)
Anlyn Addis (P76568)
Attorneys for Plaintiffs
221 N. Main St., Ste. 300
Ann Arbor, MI 48104
(734) 996-5620
deblabelle@aol.com
aaddis@sbcglobal.net

| | |
|---|---|
| Jennifer B. Salvatore (P66640) | A. Peter Govorchin (P31161) |
| Nakisha Chaney (P65066) | James T. Farrell (P35400) |
| Edward Macey (P72939) | Clifton B. Schneider (P70582) |
| Nacht Roumel Salvatore | John L. Thurber (P44989) |
| Blanchard & Walker, PC | Cori Barkman (P61470) |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 101 N. Main St., Ste. 555 | Michigan Department of Attorney General |
| Ann Arbor, MI 48104 | Corrections Division |
| (734) 663-7550 | P.O. Box 30217 |
| jsalvatore@nachtlaw.com | Lansing, MI  48909 |
| nchaney@nachtlaw.com | (517) 335-7021 |
| emacey@nachtlaw.com | |
| | govorchinp@michigan.gov |
| | farrellj@michigan.gov |
| | schneiderc1@michigan.gov |
| | thurberj@michigan.gov |
| | barkmanc@michigan.gov |

_____/

# REPLY BRIEF IN SUPPORT OF DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' CLAIM FOR PROSPECTIVE INJUNCTIVE RELIEF AND MOTION TO DISMISS AS TO PLAINTIFFS' CLAIMS UNDER <u>INTERNATIONAL LAW</u>

# CONCISE STATEMENT OF ISSUES PRESENTED

**I.**     Does the Michigan Department of Corrections' compliance with the Prisoner Rape Elimination Act standards concerning physical separation of youthful prisoners from adult prisoners, before Plaintiffs' Complaint was filed, render Plaintiffs' claim for prospective injunctive relief moot?

Defendants answer: "Yes."

Plaintiffs answer: "No."

**II.**     Plaintiffs make a § 1983 claim on the theory that Defendants' housing policies regarding juvenile inmates violate international law. However, the so-called "customary international laws" relied upon by Plaintiffs are not judicially binding "laws" of the United States, and, thus, do not provide an independent basis for a claim under § 1983. Should Plaintiffs' International Law claims be dismissed for failure to state a claim?

Defendants answer: "Yes."

Plaintiffs answer: "No."

## STATEMENT OF FACTS

On February 28, 2014, the Defendants filed a Partial Motion for Summary Judgment (D/E #47).  Specifically, the Defendants seek dismissal of the Plaintiffs' request for injunctive relief in so far as they seek separation from adult prisoners, and dismissal of Count V of the Plaintiffs' Complaint which seeks relief under international law.  The Plaintiffs filed a response on April 4, 2014 (D/E #66).  The Defendants now submit their reply.

## ARGUMENT

**I.   Plaintiffs' request for prospective injunctive relief is moot given the MDOC's pre-lawsuit practice of physically separating youthful and adult prisoners.**

In their response, the Plaintiffs create several straw men and try and turn the Defendants' dispositive motion into something it is not. The Defendants summary judgment motion sought dismissal of the Plaintiffs' request for prospective injunctive relief for separation of youthful prisoners from adult prisoners.  In so far as the Plaintiffs seek other forms of injunctive relief, the Defendants will address those issues in subsequent motions.  The Plaintiffs' Complaint alleges that the mere presence of adult prisoners around youthful prisoners creates a serious

or extreme risk that the youthful prisoners will be sexually assaulted by the adult prisoners. That alleged risk is moot because the Michigan Department of Corrections (MDOC) adjusted its housing practice regarding youthful prisoners prior to the Plaintiffs filing this lawsuit.

Contrary to the Plaintiffs' response, their claim for prospective injunctive relief is moot. A case is moot when it no longer presents a live controversy or the parties no longer have a legally cognizable interest in the outcome. *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979). The Defendants submit that the Plaintiffs' request for injunctive relief is moot because there is no longer a case or controversy regarding separate housing of youthful prisoners from adult prisoners.

The Defendants recognize that a party's voluntary cessation of allegedly improper behavior does not automatically moot a case. *Ammex, Incorporated v. Cox*, 351 F.3d 697, 704 (6th Cir. 2003). Additionally, the Defendants recognize that they bear the burden of showing that the allegedly wrongful behavior could not reasonably be expected to recur. *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008). Consistent with that standard, the Defendants submit that they met their burden in this case. The Sixth Circuit has consistently recognized that governmental officials are entitled to more

solicitude than private parties are. *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990); *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008). In *Mosley v. Hairston*, the Sixth Circuit held that self-correction is a basis to dismiss a case based on mootness as long as it appears genuine. Put another way:

> We note additionally that cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties. According to one commentator, such self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine. See 13A *Wright, Miller & Cooper Federal Practice and Procedure* § 3533.7, at 353 (2d ed. 1984).

The Defendants submitted affidavits from Heidi Washington (D/E #47-3, Page ID 395-402), Lori Gidley (D/E #47-4, Page ID 403-408), William Ruhlman (D/E #47-5, Page ID #410-415), and Joan Roggenbuck (D/E #47-6, Page ID 417-421). Those affidavits detail measures the MDOC has instituted to separate youthful offenders from adult prisoners. The Plaintiffs submitted no evidence to contradict anything in the affidavits. Moreover, the Plaintiffs submitted no evidence that the Defendants will reverse course and start housing youthful offenders with adults. In fact, the MDOC completed the separation of youthful offenders on August 15, 2013, five days before the regulations for

3

youthful offenders under the Prison Rape Elimination Act (PREA) went into effect. Under these circumstances, this Court should find that the Defendants are entitled to summary judgment because Plaintiffs' request for injunctive relief is moot.

**II.   Plaintiffs' International Law claims fail because none of the international agreements or pronouncements relied on by the Plaintiffs are binding on federal courts.**

In Count V (D/E #1, Pg. ID #33-34, ¶¶ 178-183) of their Complaint, Plaintiffs seek damages under 42 U.S.C. § 1983 against "the Defendants" for allegedly violating "customary international law" housing youthful prisoners with adult prisoners. Specifically, Plaintiffs contend that Defendants' housing policies violated:

1.  The American Declaration of the Rights and Duties of Man;
2.  The Universal Declaration of Human Rights;
3.  The International Covenant on Civil and Political Rights; and
4.  The United Nations Convention on the Rights of the Child.

Nowhere in their response do the Plaintiffs cite any decisions which actually said that any of the aforementioned agreements were cognizable under 42 U.S.C. § 1983. Rather, they claim since treaties are laws they must be cognizable under § 1983. What the Plaintiffs ignore is that the Defendants cited case law from this District in 2008

4

and 2011 that is directly on point that completely rejects their argument. *Mason v. Granholm,* 2008 U.S. Dist. LEXIS 61591 (E.D. Mich. August 12, 2008); *Hill v. Snyder,* 2011 U.S. Dist. LEXIS 76949 (E.D. Mich. July 15, 2011). Nowhere in their response do the Plaintiffs address Judge O'Meara's decisions in *Mason* and *Hill*

The Supreme Court has held, "Since many attempts by federal courts to craft remedies for the violation of new norms of international law would raise risks of adverse foreign policy consequences, they should be undertaken, if at all, with great caution." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 727-728 (2004). The Plaintiffs have offered no case law to support their argument that this Court should undertake to create new rights under § 1983.

Since Count V of Plaintiffs' Complaint fails to state a claim upon which relief can be granted, the Defendants respectfully request that this Motion for Summary Judgment be granted, and that Count V of Plaintiffs' Complaint be dismissed with prejudice.

5

## CONCLUSION AND RELIEF REQUESTED

This Court should dismiss the Plaintiffs' claim for injunctive relief as moot in so far they request that youthful offenders be housed separately from adults.

The Defendants also request this Court to dismiss Count V of the Plaintiffs' Complaint with prejudice.

                                              Bill Schuette
                                              Attorney General

                                              */s/ A. Peter Govorchin*
                                              A. Peter Govorchin (P31161)
                                              James T. Farrell (P35400)
                                              Clifton B. Schneider (P70582)
                                              John L. Thurber (P44989)
                                              Cori Barkman (P61470)
                                              Assistant Attorneys General
                                              Attorneys for Defendants
                                              Corrections Division
                                              P.O. Box 30217
                                              Lansing, MI 48909
                                              (517) 335-7021

Dated: April 21, 2014

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on April 21, 2014, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ A. Peter Govorchin*
A. Peter Govorchin (P31161)
Assistant Attorney General
Attorney for Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021

2013-0058441-A DOE\Def Reply to Resp to SD Mtn Internt'l Law Claims