UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE 1; JOHN DOE 2, JOHN
DOE 3, JOHN DOE 5; JOHN DOE 6;
and next friends of minors JOHN            NO. 2:13-cv-14356
DOE 4 and JOHN DOE 7, on behalf of
themselves and a class of others           HON. ROBERT H. CLELAND
similarly situated,
                                           MAG. R. STEVEN WHALEN
        Plaintiffs,

v

MICHIGAN DEPARTMENT OF
CORRECTIONS (MDOC), RICK
SNYDER, DANIEL H. HEYNS,
THOMAS FINCO, DENNIS STRAUB,
RANDY TREACHER, WILLIE
SMITH, HEIDI WASHINGTON,
MARY BERGHUIS, PAUL KLEE,
JOHN PRELESNIK, CATHLEEN
STODDARD, CINDI S. CURTIN,
DAVID BERGH, JEFFREY WOODS,
ROBERT NAPEL, and KENNETH
MCKEE,

        Defendants.

_____

Jennifer B. Salvatore (P66640)          Deborah LaBelle (P31595)
Nakisha Chaney (P65066)                 Anlyn Addis (P76568)
Edward Macey (P72939)                   Attorneys for Plaintiffs
Nacht Roumel Salvatore                  221 N. Main St., Ste. 300
Blanchard & Walker, PC                  Ann Arbor, MI 48104
Attorneys for Plaintiffs                (734) 996-5620
101 N. Main St., Ste. 555               deblabelle@aol.com
Ann Arbor, MI 48104                     aaddis@sbcglobal.net
(734) 663-7550
jsalvatore@nachtlaw.com
nchaney@nachtlaw.com

emacey@nachtlaw.com
Michael L. Pitt (P24429)
Peggy Goldberg Pitt (P31407)
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Pitt McGehee Palmer & Rivers, PC
Attorneys for Plaintiffs
117 W. Fourth St., Ste. 200
Royal Oak, MI 48067
(248) 398-9800
mpitt@pittlawpc.com
ppitt@pittlawpc.com
cmcgehee@pittlawpc.com
brivers@pittlawpc.com

A. Peter Govorchin (P31161)
James T. Farrell (P35400)
Clifton B. Schneider (P70582)
John L. Thurber (P44989)
Cori Barkman (P61470)
Attorneys for Defendants
Michigan Department of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7021
govorchinp@michigan.gov
farrellj@michigan.gov
schneiderc1@michigan.gov
thurberj@michigan.gov
barkmanc@michigan.gov

_____/

## DEFENDANTS' MOTION FOR DISMISSAL OF COUNTS II AND III OF PLAINTIFFS' COMPLAINT

Defendants, through counsel, move for the dismissal of Plaintiffs' Complaint, Counts II and III pursuant to Fed. R. Civ. P. 12(b)(6) for the reason that Plaintiffs' Complaint, Counts II and III fail to state a claim upon which relief can be granted and should be dismissed as a matter of law. This motion is made and based upon the accompanying brief in support of this motion.

Defendants counsel contacted Plaintiffs' counsel on Friday, May 16, 2014, by email at 3:51 p.m., explaining the nature of this motion and basic grounds for the relief sought.  Defendants' counsel sought Plaintiffs' counsel's concurrence in that relief.  Plaintiffs' counsel said

they would let me know.  As of today, at 4:00 p.m., Plaintiffs' counsel

has not concurred in the relief sought in this motion.

## RELIEF

Wherefore, for the above stated reasons, Defendants respectfully

request this Court to dismiss Plaintiffs' Complaint, Counts II and III,

with prejudice.

Respectfully submitted,

Bill Schuette
Attorney General

*/s/ A. Peter Govorchin*
A. Peter Govorchin (P31161)
James T. Farrell (P35400)
Clifton B. Schneider (P70582)
John L. Thurber (P44989)
Cori Barkman (P61470)
Assistant Attorneys General
Attorneys for Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021

Dated:  May 19, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE 1; JOHN DOE 2, JOHN
DOE 3, JOHN DOE 5; JOHN DOE 6;
and next friends of minors JOHN
DOE 4 and JOHN DOE 7, on behalf of
themselves and a class of others
similarly situated,

      Plaintiffs,

v

MICHIGAN DEPARTMENT OF
CORRECTIONS (MDOC), RICK
SNYDER, DANIEL H. HEYNS,
THOMAS FINCO, DENNIS STRAUB,
RANDY TREACHER, WILLIE
SMITH, HEIDI WASHINGTON,
MARY BERGHUIS, PAUL KLEE,
JOHN PRELESNIK, CATHLEEN
STODDARD, CINDI S. CURTIN,
DAVID BERGH, JEFFREY WOODS,
ROBERT NAPEL, and KENNETH
MCKEE,

      Defendants.

NO. 2:13-cv-14356

HON. ROBERT H. CLELAND

MAG. R. STEVEN WHALEN

---

Jennifer B. Salvatore (P66640)
Nakisha Chaney (P65066)
Edward Macey (P72939)
Nacht Roumel Salvatore
Blanchard & Walker, PC
Attorneys for Plaintiffs
101 N. Main St., Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
jsalvatore@nachtlaw.com
nchaney@nachtlaw.com
emacey@nachtlaw.com

Deborah LaBelle (P31595)
Anlyn Addis (P76568)
Attorneys for Plaintiffs
221 N. Main St., Ste. 300
Ann Arbor, MI 48104
(734) 996-5620
deblabelle@aol.com
aaddis@sbcglobal.net

Michael L. Pitt (P24429)
Peggy Goldberg Pitt (P31407)
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Pitt McGehee Palmer & Rivers, PC
Attorneys for Plaintiffs
117 W. Fourth St., Ste. 200
Royal Oak, MI 48067
(248) 398-9800
mpitt@pittlawpc.com
ppitt@pittlawpc.com
cmcgehee@pittlawpc.com
brivers@pittlawpc.com

A. Peter Govorchin (P31161)
James T. Farrell (P35400)
Clifton B. Schneider (P70582)
John L. Thurber (P44989)
Cori Barkman (P61470)
Attorneys for Defendants
Michigan Department of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7021
govorchinp@michigan.gov
farrellj@michigan.gov
schneiderc1@michigan.gov
thurberj@michigan.gov
barkmanc@michigan.gov

_____/

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION
## FOR DISMISSAL OF COUNTS II AND III OF
## PLAINTIFFS' COMPLAINT

Bill Schuette
Attorney General

A. Peter Govorchin (P31161)
James T. Farrell (P35400)
Clifton B. Schneider (P70582)
John L. Thurber (P44989)
Cori Barkman (P61470)
Assistant Attorneys General
Attorneys for Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021

Dated:  May 19, 2014

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  Should this Court dismiss the Plaintiffs' claims under the Fourth Amendment because those claims are more appropriately analyzed under the Eighth Amendment, or, alternatively, are Defendants entitled to qualified immunity?

2.  Should this Court dismiss the Plaintiffs' claims under the Due Process Clause of the Fourteenth Amendment because those claims are more appropriately analyzed under the Eighth Amendment, or, alternatively, are Defendants entitled to qualified immunity?

3.  Should this Court dismiss the Plaintiffs' claims under the Equal Protection Clause of the Fourteenth Amendment because they fail as a matter of law, or, alternatively, are Defendants are entitled to qualified immunity?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

*Albright v. Oliver,* 510 U.S. 266 (1994)

*Graham v. Connor,* 490 U.S. 386 (1989)

*City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432 (1985)

*Olim v. Wakinekona,* 461 U.S. 238 (1983)

*Pearson v. Callahan*, 555 U.S. 223 (2009)

*Walker v. Norris,* 917 F.2d 1449 (6th Cir. 1990)

i

## STATEMENT OF FACTS

The Plaintiffs filed their Complaint on October 15, 2013 (D/E #1). The Plaintiffs' Complaint contains five counts. Counts II and III (¶ 144-158) allege that the Defendants violated the Plaintiffs' rights under the Fourth Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Specifically, the Plaintiffs allege in those two counts that the Defendants' decision to house them with adult prisoners violated their constitutional rights under these Amendments. The Defendants filed an Answer to the Complaint on January 3, 2014, as to the general allegations but have not been able to answer Plaintiffs' individual John Doe allegations because those John Does have not been disclosed. Defendants and now seek judgment on the pleadings with respect to Counts II and III.

## STANDARD OF REVIEW

"Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same de novo standard as motions to dismiss pursuant to Rule 12(b)(6)." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (citing *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005)); *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545,

1

550 (6th Cir. 2008). "[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same." *Lindsay v. Yates*, 498 F.3d 434, 437 n. 5 (6th Cir. 2007).

## ARGUMENT

**I.   This Court should grant dismissal to the Defendants as to the Plaintiffs' claims under the Fourth Amendment because those claims are more appropriately analyzed under the Eighth Amendment. Alternatively, Defendants are entitled to qualified immunity.**

In Count II of their Complaint, the Plaintiffs allege that the Defendants' prior policy of housing juvenile offenders (those under age 18) with adult prisoners violated Plaintiffs' rights under the Fourth Amendment to be free from unreasonable searches and seizures with respect to bodily privacy or integrity (¶ 144-151).[1]   But in this case, the MDOC's past practice or policy of housing youthful offenders with adult prisoners has no search or seizure element.   Indeed, Plaintiffs do not allege that Defendants conducted unreasonable searches or seizures related to their bodily privacy or integrity, or had a policy of doing so, in the context of this case.   Rather, the essence of Plaintiffs' claims is that

---

[1] Since August 15, 2013, all prisoners under the age of 18 have been housed at the Thumb Correctional Facility in a housing unit in which they are physically separated from adult (over age 18) prisoners.

2

the Defendants failed to protect them from other prisoners or MDOC staff. The Plaintiffs' claims are thus properly analyzed under the Eighth Amendment.

The Supreme Court has held that when there is an explicit source of a constitutional protection, then a claim should be analyzed under that Amendment. *Albright v. Oliver,* 510 U.S. 266, 273 (1994); *Graham v. Connor,* 490 U.S. 386, 395 (1989). In this case, the Eighth Amendment is the proper source for relief for the Plaintiffs' allegations that, in essence, Defendants have failed to protect Plaintiffs from harm. The Sixth Circuit has recognized that the Eighth Amendment is "'the primary source for substantive protection to convicted prisoners.'" *Walker v. Norris,* 917 F.2d 1449, 1455 (6th Cir. 1990) (quoting *Whitley v. Albers*, 475 U.S. 312 327 (1986). The Court in *Walker* applied the reasoning in *Graham* to conclude that the plaintiff's claims, which arose out of the death of a prisoner, should have been brought under the Eighth Amendment rather than the substantive Due Process Clause of the Fourteenth Amendment. *Id.* The reasoning applies here as well.

Although the Plaintiffs style their Fourth Amendment claims as invasions of privacy, the MDOC's past practice of housing prisoners of all ages together, on its face, did not unconstitutionally infringe on any

3

rights Plaintiffs have to be free from unreasonable searches and seizures relating to bodily privacy or integrity.   Rather, the essence of Plaintiffs' claims is that Defendants failed to protect them from the actions of other prisoners and certain rogue MDOC staff.  Accordingly, this Court should dismiss the Plaintiffs' Fourth Amendment claims because any claims they have can and should be analyzed in the context of their Eighth Amendment claims.

Alternatively, if the Fourth Amendment is an appropriate vehicle for Plaintiffs' claims, Defendants assert that they are entitled to qualified immunity.

Government officials are entitled to qualified immunity from civil damages unless their conduct "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1983).  The Supreme Court applies a two-part test in evaluating whether a government official is entitled to qualified immunity.  *Saucier v. Katz*, 533 U.S. 194, 201 (2003).  First, this Court must determine whether the Plaintiffs have shown a violation of a constitutional right.  Second, the Plaintiffs must show the right was clearly established.  The burden is on the Plaintiffs

4

to show that the Defendants are not entitled to qualified immunity.

*Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1095 (6th Cir. 1992).

The Supreme Court altered the *Saucier* test in 2009 and held that courts do not have to adhere to the rigid two-step analysis set forth in *Saucier.  Pearson v. Callahan*, 555 U.S. 223 (2009).  Now, a court may answer the question of whether a right was clearly established first. While *Pearson* altered the order in which courts may consider a question of qualified immunity, the general framework of *Saucier* remains intact.  The Sixth Circuit has held that:

> For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow to raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances.

*Saylor v. Board of Education*, 118 F.3d 507, 517 (6th Cir. 1997).

Under the circumstances of this case, the Defendants assert that the Plaintiffs cannot carry their burden.  Therefore, the Defendants are entitled to qualified immunity.

A right is clearly established only if existing precedent has "placed the statutory or constitutional question beyond debate," such that "[E]very reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083

5

(2011). Accordingly, qualified immunity protects government officials from liability where they make "reasonable but mistaken judgments about open legal questions." *Ashcroft,* 131 S. Ct. at 2085. Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Id.*

Again, the MDOC's former policy of housing youthful offenders with adult prisoners does not implicate any constitutionally recognized Fourth Amendment bodily-privacy rights. Even interpreting Plaintiffs' Complaint favorably, at best, Plaintiffs are suggesting that it was unconstitutional to house them with, or otherwise separate them from, adult, male prisoners because it permitted the adult prisoners to view Plaintiffs' bodies in states of undress, whether in their cells, or the showers, etc. While it's true that Plaintiffs' retain some privacy rights, even as prisoners, *Cornwell v. Dahlberg,* 963 F.2d 912, 916 (6th Cir. 1992); *Kent v. Johnson,* 821 F.2d 1220, 1227 (6th Cir. 1987), there is no "clearly established" constitutional right *not* to be viewed by prisoners of the *same* sex while sharing cells or showers, etc.

Under these circumstances, the Defendants assert that it was not clearly established that Defendants' alleged actions of placing under age 18 and over age 18 prisoners in the same housing unit or even the same

6

cell were unconstitutional at the time of the events set forth in the
Complaint.  Therefore, no reasonable official could have understood
Michigan's policy to violate the law.  Consequently, the Defendants are
entitled to qualified immunity as to the Plaintiffs' Fourth Amendment
claims.[2]

**II.    This Court should dismiss the Plaintiffs' claims under the
Due Process Clause of the Fourteenth Amendment because
those claims are more appropriately analyzed under the
Eighth Amendment. Alternatively, Defendants are entitled
to qualified immunity.**

Also in Count II, Plaintiffs assert that the Defendants had an
obligation to separate Plaintiffs when they were under age 18  from
prisoners over the age of 18, and that the failure to separate Plaintiffs
as described violated Plaintiffs' purported bodily privacy rights under
the Due Process Clause of the Fourteenth Amendment (¶ 144-151).
This Court should reject that argument and find that the Defendants

---

[2] To the extent Plaintiff John Does 3, 4, and 5 allege that female MDOC
guards groped them during body searches, (Complaint, ¶¶ 89-92, 98-
100, 107-108), such conduct is unrelated to the MDOC's policy of
housing youthful offenders with adult prisoners, which policy forms the
basis of Plaintiffs' claims.  In other words, if female guards were
conducting inappropriate cross-gender searches, where and with whom
Plaintiffs are housed is irrelevant.

are entitled to dismissal as to the Plaintiffs' claims under the
substantive Due Process Clause of the Fourteenth Amendment.

As an initial matter, it is questionable that Plaintiffs have a
protected liberty interest under the substantive due process clause with
respect to the purported invasions of bodily privacy alleged here.  See
*Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992) (cite
omitted) (The U.S. Supreme Court has "always been reluctant to
expand the concept of substantive due process because guideposts for
responsible decision making in this unchartered area are scarce and
open-ended."). [3]  However, under *Albright* and *Graham*, "[w]here a
particular Amendment 'provides an explicit textual source of
constitutional protection' against a particular sort of government

---

[3] Notably, prisoners do not have a protected liberty interest in
procedures affecting their classification to a security level and
placement because being housed with fellow prisoners who may be over
age 18 does not impose an "atypical and significant hardship on the
inmate in relation to the ordinary incidents of prison life." *Sandin v.
Connor,* 515 U.S. 472, 484 (1995).  Nor do prisoners have a
constitutional right to be housed in a particular facility or to be
classified to a particular security classification. *Olim v. Wakinekona,*
461 U.S. 238, 245 (1983); *Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976);
*Meachum v. Fano*, 427 U.S. 215, 228-229 (1976); *Mackey v. Dyke,* 111
F.3d 460, 463 (6th Cir. 1997).  And prisoners do not have a liberty
interest in vocational, rehabilitation, or educational programs. *Moody
v. Daggett,* 429 U.S. at 88 n.9; *Newsom v. Norris,* 888 F.2d 371, 374 (6th
Cir. 1989).

8

behavior, 'that Amendment, *not the more generalized notion of substantive due process* [under the Fourteenth Amendment], must be the guide for analyzing these claims.' " *Albright*, 510 at 273 (quoting *Graham*, 490 U.S. at 395) (emphasis added); *Handy–Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 547 (6th Cir. 2012).

Like their Fourth Amendment claims, Plaintiffs' substantive due process claims are properly analyzed under the Eighth Amendment. *Walker*, 917 F.2d at 1455. Indeed, Plaintiffs' alleged bodily integrity and privacy violations resulting from the conditions of their confinement are adequately protected by the Eight Amendment's prohibition against cruel and unusual punishment, which also applies to deprivations occurring during imprisonment that are not part of the sentence imposed. See *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101–02 (1976).

Accordingly, this Court should dismiss the Plaintiffs' substantive due process claims under the Fourteenth Amendment because any claims they have can and should be analyzed in the context of their Eighth Amendment claims.

9

Alternatively, if the Due Process Clause of the Fourteenth Amendment is an appropriate vehicle for Plaintiffs' claims, Defendants assert that they are entitled to qualified immunity.

Again, government officials are entitled to qualified immunity from civil damages unless their conduct "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818.   Defendants assert that it was not clearly established that Defendants' prior policy of placing under age 18 and over age 18 prisoners in the same housing unit or even the same cell constituted a due process violation at the time of the events set forth in the Complaint. *Ashcroft*, 131 S. Ct. at 2083-85.  Michigan's policy of housing juveniles with adults had not been challenged before and certainly had not been held unconstitutional.  Therefore, no reasonable official could have understood Michigan's policy to violate the law.  Consequently, the Defendants are entitled to qualified immunity as to the Plaintiffs' due process claims.

10

**III.   This Court should dismiss the Plaintiffs' claims under the Equal Protection Clause of the Fourteenth Amendment because they fail as a matter of law.  Alternatively, Defendants are entitled to qualified immunity.**

In Count III of their Complaint, the Plaintiffs allege that the Defendants' failure to separately house them from adult prisoners violated Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment (¶ 152-158).  This Court should reject that argument because their claims fail as a matter of law, or alternatively, because the Defendants are entitled to qualified immunity.[4]

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  "In order to state an equal protection claim, a plaintiff must allege that a state actor intentionally discriminated against him because of his membership in a protected class or that the state

---

[4] The Plaintiffs also make a passing reference to the Fifth Amendment. The Fifth Amendment is inapplicable to the instant case because it is only applicable to the federal government.  *Scott v. Clay County,* 205 F.3d 867, 873, n.8 (6th Cir. 2000).  The proper inquiry against state actors is under the Fourteenth Amendment.

11

infringed upon a fundamental right." *Coleman v. Martin*, 363 F.Supp.2d 894, 902 (E.D. Mich. 2005) (citing *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)).   Neither age, *Breck v. State of Michigan,* 203 F.3d 392, 395 (6th Cir. 2000), nor prisoner-status, *Jackson v. Jamrog,* 411 F.3d 615, 619 (6th. Cir. 2005), are suspect classes for purposes of equal protection review, and Plaintiffs do not allege race-based discrimination.   Nor do Plaintiffs allege infringement of a fundamental right.   Because neither a fundamental right nor a suspect class is at issue, Plaintiffs' claims are reviewed under the rational basis standard. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 298 (6th Cir. 2006).

"Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.' " *Id.* (quoting *Warren v. City of Athens*, 411 F.3d 697, 710 (6th Cir. 2005)).   But first, as a threshold matter, Plaintiffs must demonstrate that they are similarly situated in all relevant respects to a class of persons that allegedly received the better or preferential treatment.   *Cleburne*, 473 U.S. at 439; *F.S. Royster Guano Co. v. Commonwealth of Virginia*, 253 U.S.

12

412, 415 (1920); *Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570, 574
(6th Cir. 2002).

Plaintiffs do not identify in their Complaint the class of persons
that received different or better treatment, and to whom Plaintiffs are
allegedly similarly situated in all relevant respects.  Plaintiffs thus
cannot demonstrate that Defendants have treated them differently from
similarly-situated individuals, and their equal protection claims fail.
*Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036–
1037 (6th Cir. 1992).

Moreover, even if Plaintiffs can demonstrate they are similarly
situated to another class, presumably adult prisoners, their equal
protection claims fail because their claims are based on a theory that
they were entitled to receive better – not equal – treatment.  Plaintiffs
argue that they should have been housed separately from the adult
prison population and afforded greater protections from sexually
predatory prisoners or rogue MDOC staff, than that afforded to
prisoners 18-years-of-age and older.  A claim for better or unequal
treatment does not lie under the Equal Protection Clause.

Finally, the MDOC's former practice of not using under age 18
status to prohibit housing with over age 18 prisoners of like security

13

classification, easily passes rational basis scrutiny.  Economically, it made sense to house prisoners of like security classification, without preventing such placement based on one or more prisoners' age. Maintaining separate facilities would have significantly increased costs. Protecting the public fisc satisfies rational basis scrutiny. *Hadix v. Johnson,* 230 F.3d 840, 846 n.7 (6th Cir. 2000).  Moreover, the State did experiment with a private youth prison in the late 1990's.  Ultimately, the Legislature decided that the youth facility in Baldwin, Michigan was not an appropriate or efficient way to house under age 18 prisoners. The youth prison was closed.  From that experience, the MDOC had a rational basis to conclude that under age 18 prisoners could be housed with over age 18 prisoners.  Since the MDOC had a rational basis to support its decision to stop housing under age 18 prisoners in a facility separately from over age 18 prisoners when the Baldwin prison closed, Plaintiffs cannot demonstrate a  constitutional violation based solely on housing under age 18 prisoners with over age 18 prisoners.

Alternatively, Defendants are entitled to qualified immunity regarding this claim.  Again, the MDOC's policy of housing prisoners of like security classifications without using the age of the prisoners as an absolute bar to housing assignments has never been challenged or

14

found to be unconstitutional.  And it certainly would not have been understood by Defendants or other officials that treating youthful prisoners equally to adult prisoners somehow violated the Equal Protection Clause.   Since no reasonable official would have known the policy to be unconstitutional, the Defendants are entitled to qualified immunity.  *Ashcroft*, 131 S. Ct. at 2083-85.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, Defendants respectfully request that this Court grant their Motion for Judgment on the Pleadings with respect to Counts II and III of the Plaintiffs' Complaint.

Respectfully submitted,

Bill Schuette
Attorney General

*/s/ A. Peter Govorchin*
A. Peter Govorchin (P31161)
James T. Farrell (P35400)
Clifton B. Schneider (P70582)
John L. Thurber (P44989)
Cori Barkman (P61470)
Assistant Attorneys General
Attorneys for Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021

Dated:  May 19, 2014

15

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on May 19, 2014, I electronically filed the

above document(s) with the Clerk of the Court using the ECF System,

which will provide electronic copies to counsel of record.

*/s/ A. Peter Govorchin*
A. Peter Govorchin (P31161)
Assistant Attorney General
Attorney for Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021

2013-0058441-A DOE\Def SD Mtn Brief – Counts II and III