**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN DOE 1, et al.,

    Plaintiffs,

v.                                          Case No. 13-14356

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
                                                /

**ORDER DENYING DEFENDANTS' MOTION TO SEAL EXHIBITS, MOTION TO
AMEND/CORRECT MOTION FOR SUMMARY JUDGMENT,
AND MOTION FOR SUMMARY JUDGMENT**

On May 8, 2014, more than two months after Defendants' initial motion for summary judgment which is currently pending before the court, Defendants filed another motion for summary judgment, raising new arguments why summary judgment should be granted in their favor as to Plaintiff John Doe 3's claims.

Local Rule 7.1(a) provides, in relevant part:

The movant must ascertain whether the contemplated motion . . . will be opposed. . . . If concurrence is not obtained, the motion or request must state:

    (A) there was a conference between attorneys . . . in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought; or

    (B) despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference.

Defendants failed to meet both prongs of this rule. First, in their initial motion for summary judgment, Defendants did not include any Rule 7.1 statement. Apparently

cognizant of this defect, Defendants filed an amended motion for summary judgment stating:

> Counsel for Defendants attempted to arrange a conference with Plaintiffs' counsel on May 8, 2014 pursuant to ED Mich LR 7.1(a). A call was placed to Plaintiffs' counsel Cary McGehee, and a voice mail was left for her, as well as an email sent to all counsel for Plaintiffs that date explaining the basis for this motion. However, Defendants' counsel received no response to the voice mail or emails that were sent. Therefore, the parties were unable to conduct a conference regarding the subject matter of this motion and concurrence could not be obtained.

(Dkt. # 84, Pg. ID 1567–68.)

Rule 7.1 requires more than a *pro forma* statement of compliance. It requires *actual reasonable efforts* to conduct a conference and seek concurrence in the requested relief. Defendants provided less than 24 hours for Plaintiffs' counsel to respond to their request for concurrence before filing their motion with the court. The court finds Defendants' efforts insufficient and will deny their motions for failing to comply with Rule 7.1. Accordingly,

IT IS ORDERED that Defendants' "Motion to Seal Exhibits," "Motion for Summary Judgment," and "Motion to Amend/Correct Motion for Summary Judgment" (Dkt. ## 82, 83, 84) are DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: May 21, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 21, 2014, by electronic and/or ordinary mail.

                                            s/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\13-14356.DOE.DenySJPrematureFailConcurrence.jac.wpd