UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE 1; JOHN DOE 2, JOHN DOE 3, JOHN DOE 5; JOHN DOE 6; and next friends of minors JOHN DOE 4 and JOHN DOE 7, on behalf of themselves and a class of others similarly situated,

    Plaintiffs,

v

MICHIGAN DEPARTMENT OF CORRECTIONS (MDOC), RICK SNYDER, DANIEL H. HEYNS, THOMAS FINCO, DENNIS STRAUB, RANDY TREACHER, WILLIE SMITH, HEIDI WASHINGTON, MARY BERGHUIS, PAUL KLEE, JOHN PRELESNIK, CATHLEEN STODDARD, CINDI S. CURTIN, DAVID BERGH, JEFFREY WOODS, ROBERT NAPEL, and KENNETH MCKEE,

    Defendants.

NO. 2:13-cv-14356

HON. ROBERT H. CLELAND

MAG. R. STEVEN WHALEN

# DEFENDANTS' PLRA POSITION STATEMENT

Pursuant to this Court's Order of October 31, 2014 [Doc #125], the parties were instructed to provide position statements as to the Prison Litigation Reform Act (PLRA) on Plaintiffs' Issues 2, 3, 4, 5a, and the question, "Under what circumstances is failure to exhaust excused."[1]

**I.    Issue 2: Whether any available administrative remedy must be exhausted when: the class member is no longer incarcerated; or the injuries sustained by the class member/representative were sustained after the lawsuit was filed; or the prisoner is a minor.**

   **a.    Must administrative remedies be exhausted when the class member is no longer incarcerated?**

The answer is yes *if* the class member was incarcerated when the complaint was filed. At this stage, there are no class members. Only the seven John Doe Plaintiffs who wish to become class representatives are at issue. All seven were incarcerated in the Michigan Department of Corrections when the suit was filed on October 15, 2013. They were each required to exhaust prior to filing suit:

> Because (1) plaintiff was a prisoner when he "brought" his suit, and (2) plaintiff's suit implicates "prison conditions," § 1997e(a) applies and plaintiff was required to exhaust any available administrative remedies before he filed suit. He failed to do so, however, and consequently his suit must be dismissed.

---

[1] The summary judgment standard in Plaintiffs' Statement, pg. 1 [Doc #127], is not relevant at this juncture. For a PLRA exhaustion determination, the court is the fact-finder, there is no right to a jury trial, and the court may choose to set the matter for an evidentiary hearing, *Lee v. Wiley*, 2012 U.S. Dist. Lexis 25958, *5 (E.D. Mich. 2012).

*Cox v. Mayer*, 332 F.3d 422, 424-25 (6th Cir. 2003); *see also, Hembree v. Carter*, 2013 U.S. Dist. LEXIS 107508, *9-10, n.1 (E.D. Mich. 2013) (Komives, M.J.), adopted by, 2013 U.S. Dist. LEXIS 106865 (E.D. Mich. 2013) (Hood, J.), *Siler v. Baldwin*, 2011 U.S. Dist. LEXIS 150099, *7 (E.D. Mich. 2011) (Majzoub, M.J.), adopted by, 2011 U.S. Dist. LEXIS 146008 (E.D. Mich. 2011) (Duggan, J.); *Bowen v. Mich. Dep't of Corr.*, 2010 U.S. Dist. LEXIS 23548, *10 (E.D. Mich. 2010) (Randon, M.J.), adopted by, 2010 U.S. Dist. LEXIS 23549 (E.D. Mich. 2010) (Cohn, J.).

Any class member or class representative that is incarcerated at the time a civil action regarding prison conditions is filed is required to exhaust administrative remedies prior to filing suit.

### b. Must administrative remedies be exhausted when injuries of a class member were sustained after the lawsuit was filed?

The answer is yes, because administrative remedies cannot be exhausted *during* a suit. "The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir. 1999).

A prisoner's grievance regarding a sexual assault may act to put officials on notice of subsequent sexual assaults, but the prisoner can only proceed to court if he fully exhausted the first sexual assault at issue. *Siggers v. Campbell*, 652 F.3d 681 (6th Cir. 2011), held that a prisoner complaining of repeated sexual assault

2

could proceed if he fully exhausted the grievance process as to the first sexual assault alleged in the suit. *Siggers*, 652 F.3d at 693. Each John Doe Plaintiff admitted that he did not file a grievance regarding any incident alleged in the Complaint:

<u>John Doe #1</u>:  Deposition pp. 155, 178, 188, 204, 214, 245, 283. Exhibit 1.

<u>John Doe #2</u>:  Deposition pp. 85, 87. Exhibit 2.

<u>John Doe #3</u>:  Deposition pp. 148, 158, 162-163, 165, 172. Exhibit 3.

<u>John Doe #4</u>:  Deposition pp. 71, 81, 85, 100, 108. Exhibit 4.

<u>John Doe #5</u>:  Deposition pp. 132, 141, 157, 159, 163, 166, 171, 174, 176, 185, 189, 194, 200, 205-206. Exhibit 5.

<u>John Doe #6</u>:  Deposition pp. 72, 78. Exhibit 6.

<u>John Doe #7</u>:  Deposition pg. 149. Exhibit 7.

The John Doe Plaintiffs herein cannot claim subsequent harms because they admit they never filed any grievance on any issue alleged in the Complaint.

**c.  Must administrative remedies be exhausted when the prisoner is a minor?**

The answer is yes, the PLRA includes juveniles. The PLRA, 18 U.S.C. § 3626, defines a "prison" to include any prison that incarcerates or detain juveniles or adults, including those "adjudicated delinquent" (juvenile found guilty):

(g) Definitions.

(5) the term "prison" means any Federal, State, or local facility that incarcerates or detains juveniles or adults accused of, convicted of,

> sentenced for, or adjudicated delinquent for, violations of criminal law.

18 U.S.C. § 3626(g).

When Congress enacted 42 U.S.C. § 1997e(a) to require exhaustion of administrative remedies, it also defined "prisoner" to include the key term "adjudicated delinquent":

> (h) "Prisoner" defined. As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

42 U.S.C. § 1997e(h). *See also, Lewis v. Gagne*, 281 F. Supp. 2d 429, 433 (N.D.N.Y. 2003), "The plain meaning of this language [in § 1997e(h)] clearly includes juveniles."

PLRA exhaustion applies to prisoners under the age of 18.

**II.     Issue 3**: **Whether the successful exhaustion of an available administrative remedy by one class representative satisfies the requirement for all class representatives/members or must the MDOC satisfy its burden of proof for each class representative/member.**

Because Plaintiffs requested monetary relief (Complaint, ¶11, Doc #1), successful PLRA exhaustion by one class representative does not satisfy exhaustion for any other representative or class member. A request for monetary relief places a class action under Rule 23(b)(3) rather then 23(b)(2). No court in

4

this district or circuit has permitted imputed exhaustion (i.e., vicarious exhaustion) to class representatives or members under Rule 23(b)(3).

The Southern District of Indiana analyzed this issue in a prisoner class action and determined that imputed/vicarious exhaustion is not available where monetary relief is sought, specifically due to the PLRA exhaustion requirement. *Sanchez v. Bezy*, 2003 U.S. Dist. Lexis 4515 (S.D. Ind. 2003), copy attached, Exhibit 8. The *Sanchez* court held, "[A]s a matter of prudence, the court exercises its discretion to certify a relatively narrow class," which excluded prisoners who were incarcerated as of the date the suit was filed, to avoid each of them having to exhaust administrative remedies. *Sanchez*, at 12-13.

*Sanchez* followed a Western District of Wisconsin prisoner class action that allowed vicarious exhaustion because no monetary relief had been requested there (only injunctive and declaratory relief requested under Rule 23(b)(2)). *Sanchez*, 2003 U.S. Dist. Lexis 4515, 10, citing *Jones v. Berge*, 172 F. Supp. 2d 1128, 1131-34 (W.D. Wis. 2001). The *Jones* court "emphasized the ongoing nature of the alleged violations and reasoned that any other approach would make it impossible for the case to proceed as a class action because the class membership would change every time a prisoner moved into the facility." *Jones*, *Id*. See also, *Hattie v. Hallock*, 8 F. Supp. 2d 685 (N.D. Ohio 1998), which was not a class action but where the plaintiff prisoners attempted to argue in favor of vicarious exhaustion. *Hattie* held that vicarious exhaustion was only available under Rule 23(c)(2):

5

> [P]laintiffs latch on to the doctrine of "vicarious exhaustion," which holds "that exhaustion of administrative remedies by one member of the class satisfies the requirement for all others with sufficiently similar grievances." This doctrine, however, is only available to plaintiffs in a class-action lawsuit, where a class is certified pursuant to Fed. R. Civ. P. 23(b)(2). *Id*. This is not such a case, so plaintiffs' vicarious exhaustion argument fails. (full cites omitted).

*Hattie v. Hallock*, 8 F. Supp. 2d 685, 689 (N.D. Ohio 1998).

In the present case, vicarious exhaustion is not available because Plaintiffs have requested monetary relief. Therefore, any class certification would be pursuant to Rule 23(b)(3), rather than 23(b)(2). Each class representative and each class member must exhaust administrative remedies to conform to Rule 23(b)(3).

**III. Issue 4: In considering the interplay between PREA and PLRA, whether an available administrative remedy can require more steps to exhaust by a prisoner than that required under PREA. Alternatively, is an administrative remedy that fails to comply with the requirements of PREA regulations an available remedy for purposes of exhaustion? For example, if a prisoner reports a sexual assault in a manner prescribed in PREA has he properly exhausted administrative remedies regardless of MDOC's policy requirements?**

Plaintiffs' position on Issue 4 will not succeed for the following four reasons:

1. <u>The PREA does not change a prisoner's PLRA duty to exhaust</u>. Other forms of reporting or investigations do not satisfy the PLRA exhaustion requirement. Plaintiffs' position has already been unsuccessfully argued in the Sixth Circuit:

> Thomas suggests that his deficient grievance not-withstanding, he satisfied the exhaustion requirement by participating fully in the

6

> prison's internal investigation… However, it is no longer sufficient for an inmate simply to give prison officials notice of the complaint by cooperating with other investigations…[W]e have emphasized that 'the exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies, and that Use of Force or other investigations do not satisfy the PLRA's dictates. *Freeman,* 196 F.3d at 644. In determining whether the inmate has exhausted his or her remedies, we thus look to the inmate's grievance, not to other information compiled in other investigations.

*Thomas v. Woolum,* 337 F.3d 720, 734 (6th Cir. 2003), citing *Freeman v. Francis,* 196 F.3d 641, 644 (6th Cir. 1999).

In short, the PREA does not supersede or supplant a prisoner's PLRA duty to exhaust available administrative remedies prior to filing suit.

2. <u>The PREA regulations referred to by Plaintiffs are found in the PREA Final Rule, which does not provide a cause of action</u>. When the PREA was signed into law in 2003, it required creation of a Final Rule. It took nine years to study and create the Final Rule. The states then had until August 2013 to voluntarily comply with the Final Rule. The only penalty for noncompliance is the potential loss of 5% of Department of Justice grant funds (Exhibit 9, PREA Final Rule, Executive Summary, pp. 1-2). The PREA Final Rule (over 200 pages) is available at: www.ojp.usdoj.gov/programs/pdfs/prea_final_rule.pdf.

The Plaintiffs' alleged incidents that occurred prior to August 1, 2013, are not subject to the PREA Final Rule. Even assuming for argument's sake there are alleged incidents occurring after August 1, 2013, that violate the Final Rule, those incidents also do not provide Plaintiffs with legal authority to proceed. Pursuant to

7

*Alexander v. Sandoval*, 532 U.S. 275, 291, 121 S. Ct. 1511, 149 L. Ed. 2d 517 (2001), no private right of action is created by a statute such as PREA for act or rule violations. "The standards are not intended to define the contours of constitutionally required conditions of confinement." (Exhibit 9, PREA Final Rule, Exec. Summ., p. 2). See also, *Barhite v. Berghuis*, an unpublished case from the Western District of Michigan, holding that a prisoner has no rights under the PREA:

> Moreover, Plaintiff's request is predicated on the assumption that the PREA provides him a cause of action for Defendants' alleged sexual assaults. It does not. As one court recently explained:
>
>> Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff. *Good v. Ohio Dep't of Rehab. & Corr.*, No. 2:11-cv-00857, 2011 U.S. Dist. LEXIS 127558, at *5 (S.D. Ohio Nov. 3, 2011). See also *Pope v. Oregon Dep't of Corr.*, No. 3:10-cv-00632-KI, 2012 U.S. Dist. LEXIS 71218, * 4 (D. Ore. May 22, 2012) ("[I]t is well established that there is no private right of action under PREA.") (citing *Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 U.S. Dist. LEXIS 58021, at *1 (E.D. Cal. Apr. 25, 2012) (citing numerous cases)); *LeMasters v. Fabian*, Civil No. 09-702 DSD/AJB, 2009 U.S. Dist. LEXIS 53016, at *2 (D. Minn. May 18, 2009) (PREA "does not create a right of action that is privately enforceable by an individual civil litigant."). "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. . . . The statute does not grant prisoners any specific rights." *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 U.S. Dist. LEXIS 61460, at *3 (D. Vt. Aug. 12, 2008) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 280, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002)); *Jones v. Schofield*, No. 1:08-CV-7 (WLS), 2009 U.S. Dist. LEXIS 26643, 2009 WL 902154, at *2 (M.D. Ga. Mar. 30, 2009).

*Barhite v. Berghuis*, 2014 U.S. Dist. LEXIS 128495, 11-12 (W.D. Mich. 2014) ("The statute does not grant prisoners any specific rights", pg. 12).

The PREA Final Rule, or a violation of that rule, does not provide a prisoner with a cause of action. A prisoner who reports a sexual assault in a manner prescribed in PREA must still complete the grievance process if he wishes to proceed to court.

3. <u>The PREA Final Rule does not affect the instant action</u>. The Final Rule speaks to prisoner reporting, grievances and PLRA exhaustion requirements, but it does not change PLRA exhaustion requirements if a prisoner wants to proceed to court.

> *Grievances*. If an agency has a grievance process for inmates who allege sexual abuse, the agency may not impose a time limit on when an inmate may submit a grievance regarding such allegations. To be sure, a grievance system cannot be the only method—and should not be the primary method—for inmates to report abuse. As noted above, agencies must provide multiple internal ways to report abuse, as well as access to an external reporting channel.
>
> This standard exists only because the Prison Litigation Reform Act, 42 U.S.C. 1997e, requires that inmates exhaust any available administrative remedies as a prerequisite to filing suit under Federal law with respect to the conditions of their confinement.

(Exhibit 9, PREA Final Rule, Executive Summary, pg. 7).

The Final Rule continues to recognize a prisoner's PLRA duty to complete the grievance process before proceeding to court. The Final Rule also recognizes that persons under the age of 18 will be incarcerated in adult prisons, and contains

9

standards for these persons. (Exhibit 9, PREA Final Rule, Exec. Summ., pp. 4-5). The Final Rule does not prohibit housing juveniles in adult facilities, recognizes that its mandate only concerns sexual abuse, and does not regulate conditions of confinement:

> [T]he Department is cognizant that its mandate in promulgating these standards extends only to preventing, detecting, and responding to sexual abuse in confinement facilities. In addition, imposing a general prohibition of the placement of youth in adult facilities, or disallowing such placements unless a court finds that the youth has been violent or disruptive in a juvenile facility, would necessarily require a fundamental restructuring of existing State laws that permit or require such placement.

Exhibit 9, PREA Final Rule, Executive Summary, p. 5.

In sum, a prisoner can choose to forego PLRA exhaustion and only report under a manner prescribed in PREA, or he can do both (exhaust administrative remedies and report under PREA). He may also choose to do neither. However, he cannot proceed to court until he satisfies PLRA exhaustion requirements.

4. <u>The PREA and the Final Rule are irrelevant because no John Doe Plaintiff filed a grievance</u>. Regardless of what standards are set by the PREA and Final Rule, they do not change a prisoner's duty to complete the grievance process before proceeding to court. Since no John Doe Plaintiff filed a grievance (Exhibits 1-7), they cannot now complain about the grievance process:

> Our Court has consistently analyzed whether an inmate's efforts to exhaust were sufficient under the circumstances, but in each case, the prisoner did *something*…'Should the plaintiff, however, be rewarded for failing to participate in the grievance procedure by being permitted

10

to bring a federal action without even attempting to resolve his claim administratively? The answer is a decided no.'

*Napier v. Laurel County*, 636 F.3d 218 (6th Cir. 2011), citing *Bruce v. Corr. Med. Servs., Inc.,* 389 Fed. App'x. 462, 2010 WL 2842736, at *4 (6th Cir. 2010) and *Santiago v.* Meinsen, 89 F. Supp. 2d 435, 440-41 (S.D.N.Y. 2000).

In sum, there is no interplay between the PLRA and the PREA that changes a prisoner's duty to fully exhaust administrative remedies in order to proceed to court.

**IV.** **Issue 5a: Where MDOC excludes certain claims from the grievance procedure and fails to provide any alternative administrative procedure, whether MDOC can meet their burden to demonstrate that any such claim should be dismissed for failure to exhaust, including but not limited to Plaintiffs' claim that Defendants' policies, procedures and implementation of same violate Plaintiffs' constitutional and civil rights where defendants have no available administrative procedure for such claims.**

Plaintiffs assert that prisoners cannot grieve prison policies (Plaintiffs' Position Statement, Doc #127, p. 12). That is not true. Prisoners can grieve MDOC policies and procedures as they apply to that prisoner. "A grievant may not grieve the content of policy or procedure *except as it was specifically applied to the grievant*." Exhibit 10, MDOC Policy Directive 03.02.130(F)(1) (italics added).

See also, *Atkinson v. Wyse*, 2013 U.S. Dist. LEXIS 118677 (E.D. Mich. 2013), recognizing that a prisoner can grieve MDOC policy:

11

> The MDOC provides prisoners with a method to seek redress for alleged violations of policy and procedure or unsatisfactory conditions of confinement. The grievance procedure and applicable rules are set forth in MDOC Policy Directive 03.02.130.

*Atkinson v. Wyse*, 2013 U.S. Dist. LEXIS 118677, *23 (E.D. Mich. 2013).

An MDOC prisoner can grieve an MDOC policy as the policy was applied to him. No John Doe Plaintiff has grieved an MDOC policy concerning their Complaint allegations (Exhibits 1-7). Also contrary to Plaintiffs' position, the MDOC does provide an alternative reporting mechanism in a manner prescribed by the PREA Final Rule. Exhibit 11, MDOC Policy Directive 03.03.140, is one sample of such a policy.

**V.    Question**: **Under what circumstances is a failure to exhaust excused?**

There are circumstances that excuse a failure to exhaust. None apply in this case because the John Doe Plaintiffs made no attempts to exhaust, thereby waiving an availability analysis. A prisoner must make affirmative efforts to participate in the process before a court can analyze whether his efforts should excuse exhaustion:

> But he did nothing. 'The Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable.'

*Napier v. Laurel County*, 636 F.3d 218, 223-24 (6th Cir. 2011), citing *Braswell v. Corr. Corp. of America,* 419 F. App'x 622, *7 (6th Cir. 2011), and *Brock v. Kenton Cnty.*, 93 F. App'x 793, 798 (6th Cir. 2004).

Plaintiffs' reliance on other cases is unavailing. In *Brock v. Kenton Cnty.*, 93 F. App'x 793 (6th Cir. 2004), the Sixth Circuit concluded that a variety of cases from other circuits did not change the rule in this circuit that if a prisoner fails to "make some affirmative efforts to comply with the administrative process," he cannot then argue the process was unavailable to him. *Brock v. Kenton Cnty.*, 93 F. App'x, at 798.

*Brock* referred to cases where issues included a prisoner's reliance on an official's verbal statement that the problem would be remedied; where a prison official refused to give a prisoner a grievance form; a prison's failure to timely respond to a prisoner's written grievance; and a prisoner alleging he was frustrated in his attempts to learn how to use the grievance system. *Brock,* at 798. The Sixth Circuit concluded these situations could not be analyzed unless the prisoner had made affirmative efforts to comply with the administrative process. *Brock, Id*.

Plaintiffs cite only two cases from this circuit: *Braswell v. Corr. Corp. of America* and *Travis v. Morgridge*. The first case, *Braswell*, contains tragic circumstances that do not apply to this case. The prisoner there was psychotic, diagnosed with schizophrenia, and could no longer speak coherently or communicate. None of the John Doe Plaintiffs herein allege they have been diagnosed with such an extremely debilitating mental health condition that would render them unable to communicate or submit a grievance.

13

The second case, *Travis v. Morgridge*, 2013 U.S. Dist. Lexis 8295, 2013 WL 227665 (W.D. Mich. 2013), is also distinguishable. The prisoner there submitted a Step I grievance, but failed to fully exhaust the grievance process. In contrast, no John Doe Plaintiff herein submitted a Step I grievance or made an affirmative effort to grieve their allegations, negating the ability to analyze whether exhaustion should be excused. Other local cases are consistent. An affirmative effort includes submitting a written grievance even when the standard forms are not available:

> [T]he law in this Circuit is that if a grievance form is not available to a prisoner, he must attempt to file one without the form or be deemed to have failed to exhaust his administrative remedies.

*Lee v. Wiley*, 2012 U.S. Dist. Lexis 25958, *11-12 (E.D. Mich. 2012), citing *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001).

A prisoner's lack of knowledge of the grievance system does not excuse PLRA exhaustion requirements. "A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy." *Napier*, 636 F.3d at 222, see also, *Brock v. Kenton Cnty.*, 93 F. App'x 793, 797 (6th Cir. 2004) (rejecting prisoner's argument that he did not know grievance system existed because prison officials never game him any information about it).

Grievances for sexual assaults are no different, even where a prisoner believes the grievance process will be futile. *Black v. Letson*, 2011 U.S. Dist. LEXIS 66648, *10 (E.D. Mich. 2011) ("In particular, Plaintiff states: 'A Grievance on the fact of me being raped is [a] triviality, [the] reason is [that] a Grievance

14

gives me no relief[.] All a Grievance gives me is a transfer[.]' (*Id.*) However, futility does not excuse a failure to exhaust.").

In this case, the John Doe Plaintiffs cannot rely on any available case law that might have excused their failure to exhaust PLRA administrative remedies.

## CONCLUSION

Plaintiffs assert they are not subject to PLRA exhaustion due to the PREA and other circumstances that excuse exhaustion. However, the PREA does not supersede or extinguish a prisoner's duty to fully exhaust available administrative remedies before proceeding to court, and the Plaintiffs concede they did not file any grievances regarding any Complaint allegations, thereby removing their claims from an availability analysis.

        Respectfully submitted,

        Bill Schuette
        Attorney General

        */s/ Mark E. Donnelly*
        Mark E. Donnelly (P39281)
        Michael F. Murphy (P29213)
        Christina M. Grossi (P67482)
        Heather S. Meingast (P55439)
        Assistant Attorneys General
        Attorneys for State Defendants
        P.O. Box 30736
        Lansing, Michigan 48909
        (517) 373-6434

Dated: December 1, 2014

# CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2014, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record, as well as via US Mail to all non-ECF participants.

*/s/Mark E. Donnelly*
Mark E. Donnelly (P39281)
Assistant Attorney General
P.O. Box 30736
Lansing, Michigan  48909
(517) 373-6434

DOE 2013-0058441-A\Def PLRA Stmt 12-01-14