# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: December 18, 2014

Mr. Mark E. Donnelly
Ms. Cary S. McGehee
Mr. Michael F. Murphy
Ms. Margaret A Nelson
Mr. Michael L Pitt
Ms. Beth M. Rivers

Re: Case No. 14-2116, *John Doe 1, et al v. MDOC, et al*
Originating Case No. : 2:13-cv-14356

Dear Counsel:

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Amy E. Gigliotti
Case Manager
Direct Dial No. 513-564-7012

cc: Mr. David J. Weaver

Enclosure

No mandate to issue

No. 14-2116

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>JOHN DOE 1, et al.,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>MICHIGAN DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>    Defendants-Appellees.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>O R D E R</td></tr>
</table>

<div style="border:1px solid">FILED<br>Dec 18, 2014<br>DEBORAH S. HUNT, Clerk</div>

Before: BOGGS, NORRIS, and CLAY, Circuit Judges.

The plaintiffs brought this multi-count civil-rights action against the Michigan Department of Corrections ("MDOC"), Michigan's Governor, and certain MDOC personnel seeking damages and declaratory and injunctive relief. They appeal the denial of their motion for a protective order to prevent the defendants from interviewing putative class members and from utilizing information and affidavits obtained from interviews that have already occurred. The defendants move to dismiss the appeal for lack of jurisdiction. The plaintiffs oppose the motion to dismiss. The defendants reply in support of the dismissal of the appeal.

This court has jurisdiction of appeals from final judgments of the district courts under 28 U.S.C. § 1291. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009). The plaintiffs recognize that no final judgment has been issued in this case but argue that the district court's ruling is an appealable collateral order. Collateral orders are a small class of orders "that are conclusive, that resolve important questions separate from the merits, and that are effectively

unreviewable on appeal from the final judgment in the underlying action." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995). The determination of whether a ruling is a collateral order must be based on an entire category of orders. *See Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994).

It is well established that pretrial discovery orders generally are not immediately appealable as collateral orders. *See Mohawk Indus.*, 558 U.S. at 108; *Holt-Orsted v. City of Dickson*, 641 F.3d 230, 236 (6th Cir. 2011); *John B. v. Goetz*, 531 F.3d 448, 458 (6th Cir. 2008). The plaintiffs argue that the district court's ruling is not a discovery order but rather is an order regulating the conduct of a class action under Rule 23(d). But interlocutory Rule 23 orders generally are not immediately appealable as collateral orders. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 470 (1978) ("orders relating to class certification are not independently appealable under § 1291 prior to judgment").[1]

The denial of a protective order regulating communications with putative class members under Rule 23(d) does not satisfy the criteria for an appealable collateral order. Any attempts by the defendants to use the information or affidavits obtained through their communications with putative class members will be subject to additional rulings by the district court. Any adverse rulings may be appealed by the plaintiffs upon the entry of a final judgment.

The defendants' motion to dismiss is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

---

[1] Rule 23(f) now permits a discretionary appeal from an order granting or denying class certification.