UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE 1, et al.,

    Plaintiffs,

v.                                           Case No. 13-14356

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
                                            /

**ORDER REGARDING SCOPE OF DISCOVERY**

On August 12, 2014, the court issued an Order Allowing Targeted Discovery " (Dkt. # 120.), which limits the scope of discovery to "whether Plaintiffs exhausted their administrative remedies under the [Prison Litigation Reform Act ("PLRA")] and whether said remedies were actually available." A dispute arose about the scope of this discovery, and the parties submitted Statements of Issues. The court directed the parties to provide position statements. Having read the position statements, the court reiterates its original determination that the scope of discovery is limited to Plaintiffs' exhaustion of remedies and the availability of those remedies.

**DISCUSSION**

The Civil Rights Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is not "left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Plaintiffs

have advanced several arguments that exhaustion is not required in this case. However, despite Plaintiffs' recitation of several theoretical circumstances where exhaustion may not be required, Plaintiffs have made no showing that any such exceptions to the exhaustion requirement apply to the facts of this case.

### A. Plaintiffs No Longer Incarcerated

Plaintiffs argue that because many or all of them are not incarcerated, they were not required to exhaust their administrative remedies. However, if Plaintiffs were incarcerated when the complaint was filed, the exhaustion requirement applies. Contrary to Plaintiffs' assertion that "the Sixth Circuit has not yet specially addressed this question," (Dkt. # 127, Pg ID 2508), the law is settled that, if a "plaintiff was a prisoner when he 'brought' his suit, and [his] suit implicates 'prison conditions,' § 1997e(a) applies and plaintiff was required to exhaust any available administrative remedies before he filed suit." *Cox v. Mayer*, 332 F.3d 422, 425 (6th Cir. 2003).

### B. Post-Complaint Injuries

Plaintiffs next argue that exhaustion is not required because some injuries occurred after this lawsuit was filed. This argument presupposes that Plaintiffs have properly made the necessary pre-complaint grievances. If, as Defendants claim, no such grievance has been made, the existence of post-complaint injuries is irrelevant to the instant dispute, which concerns whether Plaintiffs have exhausted in the first place. Unless Plaintiffs are able to establish this initial exhaustion, the fact that post-complaint injuries are alleged does not serve to circumvent §1997e's requirement.

### C. Plaintiffs' Juvenile Status

Plaintiffs also contend that their status as juveniles excuse strict compliance

exhaustion requirement..  However, § 1997e's definition of "prisoner" includes any "person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or *adjudicated delinquent* for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  42 U.S.C. § 1997e(h) (emphasis added).  The inclusion of "adjudicated delinquent" in the definition specifically contemplates juveniles.  *See Lewis v. Gagne*, 281 F. Supp. 2d 429, 433 (N.D.N.Y. 2003) ("The plain meaning of [§ 1997e(h)'s] language clearly includes juveniles.").

It is true that at least one court in this circuit has found juvenile status to be "an integral element to its exhaustion analysis"  *J.P. v. Taft*, 439 F. Supp. 2d 793, 826 (S.D. Ohio 2006)  However, *J.P.* involved a juvenile inmate who actually grieved in the facility. *Id.* at 800.  Assuming, *arguendo*, that this court agrees that some relaxation of the exhaustion requirement is appropriate for juveniles, it is beyond cavil that Plaintiffs must have in some way attempted to complain within the facility of confinement prior to filing this action.  To find otherwise would completely exempt minors from the requirements of the PLRA.  Absent a showing that Plaintiffs raised their concerns while incarcerated, the exhaustion requirement is a bar to further discovery.

### D. Imputed Exhaustion

Plaintiffs also argue that a single class representative's exhaustion is sufficient for the court to consider all claims behalf of the class as exhausted.  This argument is premature.  Plaintiffs have not yet shown that *any* class representative has exhausted. Only if this showing has been made would the court consider argument on this issue.

### E. The PREA

Plaintiffs claim that the Prison Rape Elimination Act ("PREA") prohibits Defendants

3

from imposing procedures more stringent than those in those set forth in the MDOC PREA Manual.  The court finds that the PREA standards do not affect the exhaustion analysis.  Even if Defendants failed to comply with PREA, it would not provide Plaintiffs with a cause of action.  Furthermore, "[p]risoners must now exhaust all 'available' remedies, not just those that meet federal standards."  *Woodford*, 548 U.S. at 85.  As such, the PLRA's exhaustion requirement is not superseded or otherwise altered by the PREA.

### F. Availability of Remedies

Plaintiffs discuss whether Defendants' exemption of certain claims from the grievance procedure affects the availability of remedies to Plaintiffs.  This question of "whether [PLRA] remedies were actually available" was initially within the scope of the court's Order Allowing Targeted Discovery.  (Dkt. # 120.)  The contemplated discovery includes an inquiry into what procedures are available and the facts surrounding Plaintiffs' actual ability to follow those procedures.  However, unless Plaintiffs can show "some affirmative efforts to comply with the administrative procedures," the court is prohibited from "analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel County*, 636 F.3d 218, 223–24 (6th Cir. 2011).  "[T]he only way to determine if the process was available, or futile, was to try."  *Id.* at 224.

### G. Other Circumstances Where Exhaustion Is Excused

In accordance with the Order Directing Submission of Position Statements (Dkt. # 125), Plaintiffs have listed several circumstances where exhaustion is excused.  However, Plaintiffs have not suggested that any of these circumstances apply to this case.  Absent a showing that some specific disability other than mere youth existed preventing exhaustion, the court is not persuaded that discovery should be enlarged in this case.

## CONCLUSION

The court finds that the initial scope of targeted discovery is sufficient to determine whether Plaintiffs can overcome the threshold requirement to administratively exhaust their claims.  Accordingly,

IT IS ORDERED that discovery shall recommence in accordance with the foregoing opinion**.**

IT IS FURTHER ORDERED that the parties shall appear for a telephone conference on **APRIL 23, 2015 AT 11:00 A.M.** to discuss what discovery, if any, remains to be conducted.   (The Court will initiate the call)


    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  April 9, 2015


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 9, 2015, by electronic and/or ordinary mail.

    s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522