# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN DOE 1, et al.,

    Plaintiffs,

v.                                             Case No. 13-14356

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
                                                /

**ORDER (1) GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT; (2) TERMINATING AS MOOT PLAINTIFFS' MOTIONS FOR LEAVE TO FILE ADDITIONAL EXHIBITS AND DEFENDANTS' MOTION TO HOLD THE MOTION TO AMEND IN ABEYANCE; AND (3) DIRECTING THE PARTIES TO SUBMIT A PROPOSED SCHEDULING ORDER**

Plaintiffs filed the instant "Motion for Leave to File First Amended Complaint," seeking to add five new John Doe plaintiffs, John Does 8-12. (Dkt. # 132.) Defendants opposed that motion, (Dkt. # 135), and moved the court to hold the motion to amend in abeyance, (Dkt. #139). Plaintiffs filed a reply, (Dkt. # 140), and also filed two motions for leave to file additional exhibits in support of the Motion for Leave to File First Amended Complaint, (Dkt. ## 149, 154.) On March 8, 2016 the court held a hearing on the motion to amend and orally granted that motion. At the hearing, the court also established that the time for filing further amendments to the complaint is now closed. Finally, the court directed the parties to submit a proposed scheduling order establishing a discovery period and briefing schedule with regards to the exhaustion issue as it pertains to the new John Does. Counsel for both parties represented that such a proposed order could be submitted by Monday, March 14, 2016.

For the reasons stated below and on the record at the hearing, the court grants Plaintiffs' Motion for Leave to File First Amended Complaint, and terminates as moot the motion to hold the motion to amend in abeyance and the two motions for leave to file additional exhibits.

Leave to amend is "freely given when justice so requires." *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002). Denial may be appropriate, however, where there is "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). As Plaintiffs point out, "[t]he court has not established a discovery cut-off deadline, trial date or date for filing a motion for class certification." (Dkt. # 132, Pg. ID 2686.) Nor has the court, before this order, established a deadline for amendments to the complaint.

Defendants argue, in part, that the amendment would be futile because the new Doe plaintiffs have not shown that they fully exhausted their administrative remedies, and thus are subject to a Rule 56 summary judgment challenge. This argument, however, misapprehends the standard for futility in the Sixth Circuit. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). The possibility that the proposed plaintiffs may not overcome a summary judgment challenge is not relevant to the court's inquiry today.

Because Rule 15 "plainly embraces a liberal amendment policy," *Demings v. Nationwide Life Ins. Co.*, 593 F.3d 486, 493 (6th Cir. 2010) (quoting *Morse v.*

*McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)), and because Defendants have not identified any "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment," *Foma*n, 371 U.S. at 182, Plaintiffs' motion is granted. The court is, however, wary that continual amendments adding new Does could allow Plaintiffs to repeatedly escape dismissal for failure to exhaust administrative remedies, so the court also now closes the period during which Plaintiffs may amend their complaint.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint, (Dkt. # 132), is GRANTED, and Plaintiffs' motions for leave to file additional exhibits, (Dkt. ## 149, 154), and Defendants' motion to hold in abeyance, (Dkt. #139) are TERMINATED as moot.

IT IS FURTHER ORDERED that Plaintiffs will, forthwith, file the Amended Complaint (devoid of any bolding to indicate amended material) and that no further amendments to the complaint shall be allowed, except for good cause. Defendants shall file an Answer in accordance with Federal Rule of Civil Procedure 12.

IT IS FURTHER ORDERED that the parties are DIRECTED to jointly submit a proposed scheduling order no later than **March 18, 2016**, establishing a discovery period and briefing schedule addressing the exhaustion issue as it pertains to John Does 8-12.

    s/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  March 11, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 11, 2016, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner
                                                 Case Manager and Deputy Clerk
                                                 (313) 234-5522