UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES 1-7,

    Plaintiffs,

v.                                       Case No. 13-14356

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
                                               /

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the court is Plaintiffs' Motion for Reconsideration, (Dkt. # 157), which requests that the court reconsider its February 8, 2016 Opinion and Order granting in part and denying in party Defendants' Motion for Summary Judgment. (Dkt. # 156.) The court's previous Opinion and Order sets forth the history of this case, (*id.* at Pg. ID 3590-3595), and familiarity with such history is presumed. For the reasons stated below, the court will deny Plainitffs' Motion.

**I. STANDARD**

Subject to the court's discretion, a motion for reconsideration shall be granted only if the movant "demonstrate[s] a palpable defect by which the court and the parties . . . have been misled" and "show[s] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest or plain.'" *Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684

(E.D. Mich. 2004)).  The court "will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3).

## II. DISCUSSION

Plaintiffs raise five grounds that they argue support reconsideration: 1) the dismissal as to John Does 1, 2, 4, 5, 6, and 7 should be without prejudice; 2) the court erred in "failing to take into consideration Plaintiff's child status in considering whether MDOC provided administrative remedies that were 'available' to these Plaintiffs," Pls.' Mot. 2; 3) the court erred in finding that the issues in this case were grieveable; 4) the court erred in granting an evidentiary hearing as to Doe 3; and 5) exhaustion of administrative remedies is not required for Plaintiffs claims under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1584, *et seq.*

At the outset, the court "will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3). Grounds two and three rehash issues directly addressed in the court's prior opinion and will not be revisited here. *See* Op. III.B.1., III.A.1.

As to the first ground, which apparently asks the court to clarify that its grant of summary judgment was without prejudice, this argument does not warrant reconsideration. Generally, a grant of summary judgment due to a plaintiffs failure to exhaust is treated as a dismissal without prejudice. *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006). This holds true here, whether or not the court so designated the dismissal. Nonetheless, the court takes the opportunity to clarify that the claims of John Does 1, 2, 4, 5, 6, and 7 were dismissed without prejudice. The court notes however, as Defendants point out, most of the Does are likely now time barred from exhausting their

claims. As to John Doe 7, who has been released from prison, the Sixth Circuit has not decided whether a former prisoner must exhaust remedies in order to bring a claim arising from his treatment in prison. *Cox v. Mayer*, 332 F.3d 422, 426 n.3 (6th Cir. 2003). These however are issues not directly raised in the summary judgment briefing, and the court leaves them to be fully litigated at a later date in another case, if Plaintiffs choose to file a new action.

      Plaintiffs' fourth ground for relief is that the court erred by ordering a bench trial on the issue of exhaustion as to Doe 3 to determine whether he was thwarted in his efforts to file grievances in this case. Specifically, Plaintiffs argue that because Defendants made no effort to refute John Doe 3's testimony about prison officials ripping up his grievances, there was no material factual dispute to resolve. Not so. Defendants argue that no John Doe exhausted. Plaintiffs respond that John Doe 3 was thwarted in his efforts to exhaust, offering the testimony of John Doe 3 who said that "there's some grievances that I wrote that I know that they ripped up because they ripped them up in front of my face." (Dkt. # 133-8, Pg. ID 2831). John Doe 3's testimony however does not resolve the issue. He does not say that prison officials ripped up grievances related to the issues *in this case*. His experiences during other attempts to grieve, maybe even with other officers, that engendered in him the subjective belief that attempts at exhaustion would be futile are not enough to excuse exhaustion here. *See Napier v. Laurel Cty, Ky.*, 636 F.3d 218, 224 (6th Cir. 2011) (noting that "[p]risoners often argue futility precisely because a policy does exist, but they feel it was not actually available to them" and rejecting that futility argument); *see also Brock v Kenton Cty., Ky.*, 93 F. App'x 793, 798 (6th Cir. 2004) ("[The PLRA] says nothing about a prisoner's

subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.") (internal quotations and citations omitted). Even viewed in the light most favorable to Plaintiffs, John Doe 3's statement does not resolve the exhaustion issue in Plaintiffs' favor and show that he was thwarted in exhausting grievances that form the basis of the instant action.

Finally, Plaintiffs' last ground for reconsideration, that claims under the Trafficking Victims Protection Reauthorization Act ("TVPA"), 18 U.S.C. § 1584, *et seq.*, are not subject to the PLRA's exhaustion requirement, is without merit. The PLRA requires exhaustion for all actions under section 1983 "or any other Federal law." 42. U.S.C. § 1997e(a). The TVPA is a federal law, and Plaintiffs cite no authority which would support an exception to the PLRA for claims arising under the TVPA.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Reconsideration     (Dkt. # 157) is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 5, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 5, 2016, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522