UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN DOES 1-12,

    Plaintiffs,

v.                                             Case No. 13-14356

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendant.
                                              /

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFFS JOHN DOE 8, 9, AND 10, AND DENYING SUMMARY JUDGMENT AGAINST PLAINTIFF JOHN DOE 12**

Pending before the court is Defendants' Motion for Summary Judgment against Plaintiffs John Does 8, 9, 10, and 12. (Dkt. #193.) Plaintiffs have filed a response, (Dkt. #198), and Defendants have filed a reply, (Dkt. #202). After reviewing the briefs, the court concludes that no hearing necessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will grant in part and deny in part Defendants' motion.

**I. BACKGROUND**

Plaintiffs are several former juvenile prisoners who had been imprisoned alongside adults in Defendant Michigan Department of Corrections ("MDOC") facilities. Plaintiffs allege that they suffered physical injuries and sexual abuse as a result of this policy by MDOC. Plaintiffs have filed their action under 42 U.S.C. § 1983 as well as 18 U.S.C. §§ 1591 and 1594. This court granted summary judgment against John Does 1, 2, 4, 5, 6, and 7 on February 8, 2016, for failure to exhaust administrative remedies, reserving for bench trial the question of whether Doe 3's failure to exhaust may have

been excused by efforts to thwart his filing of grievances. (Dkt. #156.) Thereafter the court granted Plaintiffs leave to amend their complaint to add five new John Does as Plaintiffs, John Does 8-12. (Dkt. #162.) The court then denied a motion by Plaintiffs to reconsider its earlier partial grant of summary judgment, (Dkt. #188), and Defendants filed the instant motion seeking summary judgment against Does 8, 9, 10, and 12 ("Does") on the basis that they, too, failed to exhaust their administrative remedies. (Dkt. #193.)

Thereafter the court denied Plaintiffs' request for extended discovery into the questions of alternative exhaustion methods and a supposed policy prohibiting transferred prisoners from pursuing the grievance process related to their incarceration at the prior facility. (Dkt. #194.) The court deemed the former question irrelevant in light of its holding on the prior summary judgment motion that no alternative methods of satisfying the exhaustion requirement existed, and it deemed the latter question to be unsupported in light of the MDOC Operating Procedure which outlines a process for pursuing exactly those kinds of grievances. Three months after the instant motion was filed, Plaintiffs still had not submitted any response brief in opposition. The court ordered submission of such a brief, (Dkt. #196), and Plaintiffs complied, (Dkt. #198).

Defendants argue that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that cases brought under federal law challenging prison conditions require that Plaintiffs first exhaust their available administrative remedies. They claim that Does were aware of the MDOC grievance policy and did not avail themselves of it prior to filing suit. Specifically, they argue that Does 8 and 9 admitted in their discovery responses and affidavit that they did not file grievances in connection with the incidents

2

which are the subject of this suit, and their requests for protection are not sufficient to substitute for properly exhausting the grievance process. They also argue that although John Doe 10 filed several grievances, they were all either rejected, denied, or resolved without appeal through all three appellate steps prior to suit as required under the MDOC policy and the PLRA. Defendants claim that the same is true of John Doe 12 and that his grievances do not relate to the incidents which are the subject of this suit with the exception that one grievance filed while John Doe 12 was an adult,[1] alleged sexual harassment by older prisoners, was denied, and was unsuccessfully appealed through all three steps. However, Defendants contend that even that grievance does not satisfy the exhaustion requirements because it failed to name several of the Defendants to this action and thus did not provide them notice and an opportunity to resolve the problem, and that it is irrelevant to the subject matter of the instant suit involving a policy of housing minors with adults.

Plaintiffs respond that their constitutional challenges to the MDOC policy are not subject to an exhaustion requirement, that the factual record supports an interpretation that the Plaintiffs did attempt to satisfy the exhaustion requirement even though they were not permitted access to extended discovery, and that unique barriers to satisfying the exhaustion requirement exist for victims of sexual assaults, which justifies a relaxed standard. They argue that the MDOC policy allows prisoners to submit reports of sexual

---

[1]Defendants' brief claims that Plaintiff was 19 years old when he filed the grievance, (Dkt. #193, Pg. ID 4209), then later states that he was 21 years old at the time, (*Id.*, Pg. ID 4230). This inconsistency is immaterial; in either case, he was not a minor.

misconduct through verbal or written reports to any staff member or the MDOC sexual abuse hotline in addition to the normal grievance process.

Plaintiffs argue that each John Doe has met the requirement under this expanded and relaxed matrix. They claim that John Doe 8 verbally reported sexual harassment to corrections officers but was punished; then he reported misconduct to a resident unit supervisor and was told nothing could be done; and ultimately submitted a grievance against a corrections officer after his transfer to another prison but was subject to retaliation and encouraged to dismiss the grievance. According to Plaintiffs, John Doe 9 reported sexual assaults to staff on three occasions but was ignored, told to "get used to it" or accused of lying and placed in segregation. They claim that John Doe 10 was retaliated against by corrections officers after reporting harassment to a sergeant, denied access to grievance forms when he requested them, or disciplined for filing grievances. Finally, they argue that John Doe 12 reported his assault to prison staff but was threatened with transfer to a facility away from his family.

Plaintiffs also argue that the claims alleged here regarding the MDOC policy were not grievable under the MDOC grievance rules, which prohibited grievances which involve a significant number of prisoners or which attack the content of a policy of procedure as these claims plainly do. Since they cannot be grieved in the first place, the argument goes, these claims are not subject to the formal grievance exhaustion requirement. Additionally, Plaintiffs claim that the grievance procedure is not mandatory in cases involving sexual misconduct.

Finally, Plaintiffs argue that the PLRA only requires that Plaintiffs exhaust those administrative remedies which are truly available to the inmate. They claim that threats

4

of retaliation by other inmates and staff, efforts to thwart Plaintiffs' ability to submit formal grievances, and Plaintiffs' lack of knowledge or understanding about the grievance process all excuse a lack of strict compliance with the formal exhaustion procedure. They claim that Plaintiffs exhausted their administrative remedies to the extent that any were truly available to them.

Defendants reply that Plaintiffs' arguments miss the mark because the court's prior order on summary judgment determined that no alternative avenues satisfied the PLRA exhaustion requirement. They continue that, in any case, the Defendants to the instant suit did not themselves engage in any misconduct nor are they identified in the original grievances or complaints. Defendants also assert that the claims at issue are grievable, because they are based on specific instances of MDOC housing policy and the conduct of staff; it would not be appropriate for the court to permit Plaintiffs to sidestep the exhaustion requirement merely by styling their complaint as a putative class action. They argue that the theory that MDOC policy is not grievable has already been rejected by this court, and that Plaintiffs' authority holding that sexual misconduct is not subject to the exhaustion requirement is mistaken. Finally, they argue that failure to exhaust was not excused as Defendants have not been identified as attempting to thwart the grievance process, John Does 8, 10, and 12 all actively filed grievances against staff on other grounds, that Plaintiffs received training on the grievance process, that any fears of retaliation do not meet the "serious threat of substantial retaliation" standard required to excuse exhaustion, and that allegations that Plaintiffs did not understand the grievance procedure lacked factual support.

## II. STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). The movant has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]hat burden may be discharged by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (internal quotation marks omitted).

The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citation omitted). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986). In evaluating a summary judgment motion, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial . . . credibility judgments and weighing of the evidence are prohibited." *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Questions Addressed in Prior Summary Judgment Opinion

This court has already had occasion to rule on several of the arguments presented by Plaintiffs. Among these are Plaintiffs' argument that "because of their status as juveniles, they should be afforded some level of flexibility in meeting the PLRA's exhaustion requirement." (Dkt. #156, Pg. ID 3600.) Though this court dedicated nearly four full pages of its earlier opinion to addressing this "pure question of statutory interpretation," (*Id.*, Pg. ID 3600-3603), Plaintiffs have simply repeated verbatim the corresponding portion of the response brief to the earlier motion in their new brief in response to the instant motion, (*Compare* Dkt. #144, Pg. ID 3190; *with* Dkt. #198, Pg. ID 5056-57). Thus, for the reasons stated in the previous opinion, the court once again rejects Plaintiffs' argument and finds that for the purposes of exhaustion, the PLRA "addresses juvenile and adult prisoners equally." (Dkt. #156, Pg. ID 3603.)

Similarly copied directly from their previous brief without alteration is Plaintiffs' extended argument that the exhaustion requirement does not apply to the claims asserted in this case because they are not grievable. (*Compare* Dkt. #144, Pg. ID 3182-84; *with* Dkt. #198, Pg. ID 5033-35.) This court's earlier opinion rejected Plaintiff's view following a five-page examination, finding that "Plaintiffs' claims arise from the specific application of prison policies to each John Doe, and as such, are grievable claims." (Dkt. #156, Pg. ID 3603-08.) As Plaintiffs have carried over their argument verbatim, this court has been given no reason to revisit its earlier reasoning and thus finds that the claims are grievable for the reasons articulated in its earlier opinion.

This court has also disposed of the argument that the exhaustion requirement does not apply to allegations of sexual wrongdoing. "The PLRA requires exhaustion for all actions under section 1983 'or any other federal law.'" (Dkt. #188, Pg. ID 4102.) Here

7

as well, Plaintiffs' claims sound in federal law, and thus are subject to the PLRA's exhaustion requirement.

Finally, this court has also already addressed the question of what constitutes proper exhaustion in this case. In response to Plaintiffs' argument that administrative processes other than the normal three-step grievance procedure could satisfy the PLRA's exhaustion requirement, this court "reject[ed] this contention and [found] that the formal grievance process is the only method of exhaustion that MDOC has made available to Plaintiffs." (Dkt. #156, Pg. ID 3596.) The court reiterated that finding when it denied Plaintiffs' request to take deposition testimony on alternative methods of exhaustion, stating that "Plaintiffs have apparently not digested the court's holding in its [earlier order.] There, the court held that alternative methods for reporting and handling sexual assault issues *do not* create alternative methods of exhaustion under the Prisoner Litigation Reform Act." (Dkt. #194, Pg. ID 5006.)  Evidently seeking a third bite at the apple, Plaintiffs once again contend that informal methods of reporting sexual harassment and abuse satisfy the exhaustion requirement of the PLRA without having given the court any reason to depart from its earlier unequivocal determination that they do not. Thus having disposed of Plaintiff's recycled threshold arguments, the court shall again, "[w]ith the understanding that only the formal grievance process laid out in 03.02.130 can exhaust a prisoner's remedies under the PLRA, . . . consider whether any of the John Does have properly exhausted their claims." (Dkt. #156, Pg. ID 3598.)

**B. Whether Plaintiffs Exhausted or Exhaustion is Excused**

In its earlier opinion this court described the applicable, formal grievance procedure in detail:

8

> First, within two days of discovering a problem, prisoners are directed to attempt to informally resolve their problem with the staff member involved. If that fails, the prisoner must file a Step 1 grievance within five days of the attempted resolution. If the prisoner is dissatisfied with the response, or if the prisoner does not receive a timely response, he can file a Step II grievance within ten days. Similarly, if a prisoner receives an unsatisfactory response or no response at Step II, he can file a Step III grievance within ten days. Complaints filed by prisoners "serve to exhaust a prisoner's remedies only when filed as a grievance through all three steps of the grievance process."

(Dkt. #156, Pg. ID 3596.) However, a prisoner's failure to exhaust may be excused if the administrative remedies are not reasonably available so long as the prisoner has made "affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel County*, 636 F.3d 218, 223 (6th Cir. 2011) (internal quotations and citations omitted). The Sixth Circuit has "consistently analyzed whether an inmate's efforts to exhaust were sufficient under the circumstances, but in each case the prisoner did something." *Id.* at 224. Additionally, a prisoner's mere subjective belief that the procedure is ineffective or futile does not excuse exhaustion. *Pack. v. Martin*, 174 F. App'x 256, 262 (6th Cir. 2006). For the reasons discussed above, the court will evaluate whether Plaintiffs have followed the required procedure, or if, alternatively, failure to strictly comply with this procedure is excused.

### 1. John Doe 8

John Doe 8 was born in June of 1994 and entered an MDOC facility at age 17 in January 2012. Defendants point to the discovery responses and affidavits of John Doe 8 to argue that he admits to having failed to file any grievance regarding the two incidents of alleged sexual harassment or assault that allegedly occurred while he was

incarcerated and before he was 18 years old.[2] (Dkt. #193-8, Pg. IDs 4508-30.) Plaintiffs do not dispute that no formal grievance was filed but contend that John Doe 8 was unaware of the grievance process at the time, thought that complaining about sexual harassment would be futile, and reported the incidents informally. As discussed above, the informal reporting steps John Doe 8 took are not sufficient to satisfy the exhaustion requirement. Defendants have produced evidence that John Doe 8 received early training on grievance procedure in the form of a document signed by John Doe 8 and dated February 16, 2012, listing a topic heading of "Grievance Procedure/Disciplinary Process" as having been included in the orientation. (Dkt. #193-5, Pg. IDs 4992, 4494.) The claims that Plaintiff was not aware of the grievance procedure or thought it would be futile are supported only by John Doe 8's own self-serving affidavit. "It is well established, however, that such conclusory and self-serving affidavits without factual support in the record, do not create a triable issue of fact." *Kelly Aerospace Thermal Sys., LLC v. ABF Freight Sys., Inc.*, No. 15-12227, 2016 WL 3197561, at *3 (E.D. Mich. June 9, 2016) (citations omitted). As such, no triable issue of fact remains; John Doe 8 did not exhaust his administrative remedies, and he has no viable excuse for the failure.

### 2. John Doe 9

John Doe 9 was born in January of 1994 and entered prison in September of 2011 at age 17. As with John Doe 8, this court will concern itself only with those instances of harassment or assault alleged to have occurred prior to January 2012

---

[2]Only some of the alleged attacks occurred while Plaintiffs were underage. As this case relates to the policy of MDOC housing minors with adults, the court will ignore as irrelevant alleged sexual misconduct that occurred after John Does reached 18, the age of majority.

when John Doe 9 reached the age of majority. Defendants argue that, like John Doe 8, he admits to having filed no formal grievance regarding any sexual misconduct that allegedly occurred while he was underage. (Dkt. #193-9, Pg. IDs 4534-58.) Plaintiffs do not dispute that John Doe 9 did not follow the formal grievance procedure, though they argue that several other steps were taken to inform prison staff of the misconduct. As discussed above, informal reporting mechanisms which deviate from the formal grievance procedure are not sufficient.

Since no triable issue exists as to whether John Doe 9 properly exhausted his administrative remedies, the only remaining issue is whether this failure was excused. Like John Doe 8, John Doe 9 claims that he was not trained and thus unaware of the grievance process during the time the relevant attacks occurred and cites only to his own affidavit. (Dkt. #198-10, Pg. ID 5128.) However, Defendants have identified contrary evidence that such training did take place identical to that offered on John Doe 8's orientation training with the exception that it contains John Doe 9's signature and a date of October 11, 2011. (Dkt. #193-5, Pg. IDs 4992, 4495.) Therefore the court similarly finds that, on this record, lack of training cannot excuse John Doe 9's failure to exhaust his administrative remedies.

Nor does Plaintiff provide any evidence that the grievance procedure would have been futile or that he had been retaliated against by prison staff for reporting misconduct that occurred while he was underage. Without citation to the record, Plaintiffs argue that staff informed John Doe 9 that he "had to get used to" sexual harassment, but was then placed in protective custody. In another instance staff offered to send him to "security classification 4." Following another instance staff investigated abuse and apparently

transferred him to another facility, where he was first informed by staff that attempted sexual intimidation by other inmates "comes with" being imprisoned before once again being placed under protective segregation. Setting aside the glaring omissions of citation to the factual record as to the arguably discouraging statements made by staff, no reasonable jury would conclude that these statements–especially coupled with efforts to place him in protective custody–would have deterred "a person of ordinary firmness from continuing with the grievance process." *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 578 (6th Cir. 2014), *aff'd and remanded sub nom. Simmons v. Himmelreich*, 136 S. Ct. 1843, 195 L. Ed. 2d 106 (2016); *see also Threatt v. Williams-Ward*, No. 15-12585, 2016 WL 6653013, at *5 (E.D. Mich. July 13, 2016), *report and recommendation adopted sub nom. Threatt v. Williams*, No. 15-12585, 2016 WL 4607639 (E.D. Mich. Sept. 6, 2016) (failure to exhaust not excused where officer "threatened [the prisoner] by calling him names and . . . intimidated him by staring at him and rolling his eyes"). Therefore, no triable issue remains; John Doe 9's failure to exhaust his administrative remedies was not excused.

### 3. John Doe 10

John Doe 10 was born in April of 1994 and entered prison in December of 2010 at 16 years of age. Defendants argue that John Doe 10 has also admitted to having not filed any grievance related to the alleged sexual misconduct that occurred while he was underage. (Dkt. #193-10, Pg. IDs 4571-4588). Like the other Plaintiffs, he does not dispute this but instead contends that he was not aware of the grievance policy through citation to his own affidavit. (Dkt. #198-16, Pg. ID 5148.) However, this claim is belied by the fact that he filed a grievance on October 14, 2011 regarding his television. (Dkt.

#193-10, Pg. ID 4567-70.) This is around the time of the abuse that John Doe 10 claims occurred. In light of evidence to the contrary and citing only to his own affidavit, Plaintiff has not raised a triable issue as to whether he was aware of the grievance procedure.

However, John Doe 10 also alleges that he was denied grievance forms by prison staff after March 2012. Unfortunately, this is not enough to survive summary judgment either. "This court has held that it is insufficient to allege that grievance forms were denied in order to excuse the exhaustion of administrative remedies; a prisoner must attempt to file a grievance without a form." *Anderson v. Meeks*, 79 F. App'x 113, 114 (6th Cir. 2003) (citing *Jones v. Smith*, 266 F.3d 399 (6th Cir. 2001)). John Doe 10 does not claim to have attempted to file a grievance without a form. Thus, with respect to conduct alleged to have occurred while he was underage, John Doe 10's failure to exhaust is not excused by the denial of grievance forms.

John Doe 10 claims that prison staff made jokes about sexual predators at the facilities, again citing only to his own affidavit. Even assuming *arguendo* that this is true, it would not have deterred a person of ordinary firmness from pursuing the grievance process. In *Williams v. Newell*, the district court upheld a finding by a Magistrate Judge that a threat from a prison nurse to deny medical treatment if plaintiff filed a grievance would not have met this standard because the nurse "was but a single member of a medical staff at a large correctional facility" and plaintiff had filed many other grievances. No. 99-10251, 2002 WL 1559762, at *3 (E.D. Mich. July 15, 2002). Similarly here, jokes from individual members of prison staff would not have prevented a prisoner of ordinary firmness from pursuing grievances.

Finally, John Doe 10 also alleges without citation to any evidence that he had an 8th grade education at the time he entered prison. Though this might have hindered his ability to follow the formal grievance procedure, the fact that he successfully filed a grievance related to his television suggests otherwise. As discussed in this court's earlier opinion, when a prisoner alleges that illiteracy or mental impairment has hindered his ability to file a grievance, other courts have required that the prisoner seek help and that the prison reject that request before excusing exhaustion. *Peterson v. Hall*, No. 11-15154, 2012 WL 3111632 at *8 (E.D. Mich. July 2, 2012) (citing *Ramos v. Smith*, 187 F. App'x 152, 154 (3rd Cir. 2006). Nowhere does John Doe 10 allege or provide evidence which suggests that he sought help and was denied. Therefore, no triable issue exists to suggest that his limited education prevented him from exhausting his administrative remedies. The court finds that Plaintiffs have not provided sufficient evidence to create a triable issue as to whether John Doe 10's failure to exhaust his administrative remedies was excused.

### 4. John Doe 12

John Doe 12 was born in May of 1993 and entered prison in October of 2010 at 17 years old. Defendants argue that although John Doe filed several grievances over the course of his time in prison, he did not file any formal grievances regarding sexual misconduct that occurred while he was underage. Plaintiffs do not contest this. The court therefore finds that John Doe 12 did not exhaust his administrative remedies.

As to whether this failure was excused, John Doe 12 alleges that, following a particularly disturbing sexual assault by several adult prisoners while he was still underage, he attempted to report the incident to prison staff, who told him that he "must

14

have agreed to it" and sent him to the medical unit. Later, after John Doe 12 informed another staff member that he wanted to file a formal grievance, the staff member threatened to have him transferred to another facility where he would be less likely to receive visitation from his family, which induced him not to pursue his request to file a grievance. If supported by evidence, this would likely support a finding that the exhaustion requirement was excused, as, resolving all questions of fact in favor of the Plaintiffs, a reasonable jury could find even a person of ordinary firmness would have been dissuaded from continuing down the path of formal grievance by such threats. However, Plaintiff once more relies only on his own self-serving affidavit.

      The Sixth Circuit has held that "if the plaintiff contends that he was prevented from exhausting his remedies [the defendant] must . . . present evidence showing that the plaintiff's ability to exhaust was not hindered." *Surles v. Andison*, 678 F.3d 452, 457 n. 10 (6th Cir. 2012). Unlike the defendants in *Surles*, who only showed that the plaintiff had managed to file other grievances, Defendants have supplied *some* evidence that what they claim to be the only two staff members that could have been the source of the threat did not actually make the statements Plaintiffs allege. (Dkt. #193-19, Pg. ID 4998-5000; Dkt. #193-20, Pg. ID 5002-5004.) This evidence consists of two nearly identical affidavits averring to having no recollection of having spoken to John Doe 12 as alleged. Defendants do not cite to any factual record for the claim that no other officer could possibly have matched the description of the threatening officer. Resolving this ambiguity in favor of Plaintiffs, the court concludes that a triable issue of fact exists as to whether John Doe 12's failure to exhaust his administrative remedies was excused in virtue of these alleged threats.

Just as this court found in its prior order that a bench trial would be appropriate to resolve the exhaustion question as to John Doe 3, (Dkt. #156, Pg. Ids 3614-15), the court shall convene a bench trial on the same question with respect to John Doe 12 for the same reasons described in that opinion. Also, since the court will grant summary judgment on John Does 8, 9, and 10 but finds that exhaustion may be excused for John Doe 12, the court does not need to address Defendants' argument that Plaintiffs failed to include certain named Defendants within the content of their grievances. As before, the grant of summary judgment is to be treated as a dismissal without prejudice. (Dkt. #188, Pg. ID 4100.)

## IV. CONCLUSION

IT IS ORDERED that Defendants' Motion for Summary Judgment (Dkt. #193) is GRANTED in part and DENIED in part. Summary judgment is GRANTED as to the claims of John Does 8, 9, and 10 and DENIED as to the claims of John Doe 12.

IT IS FURTHER ORDERED that the parties shall APPEAR by telephone for a status conference concerning the bench trial on exhaustion issues on **April 3, 2017 at 10:30 a.m.**

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: March 14, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 14, 2017, by electronic and/or ordinary mail.

      s/Shawna C. Burns
      Case Manager Generalist
      (810) 292-6522